MRS. BESSIE C. ALEXIOU v. O.R.I.P., LTD.

No. 7718DC360

(Filed 2 May 1978)

**Appearance § 1.1— notice of appeal given—jury trial demanded—general appearance**

When a party gives notice of appeal and demands trial by jury prior to contesting the court's jurisdiction over his person, he has made a general appearance under G.S. 1-75.7, and the court therefore has jurisdiction over his person, even if service of process was defective.

APPEAL by defendant from *Yeattes, Judge.* Order denying motion to dismiss entered 21 March 1977, in District Court, GUILFORD County. Heard in the Court of Appeals 9 February 1978.

Defendant was the lessee of the plaintiff. Plaintiff commenced this action by the filing of a complaint on 26 May 1976, alleging that the lease terminated 30 April 1976, because of defendant's failure to pay rent. Summons was issued on 26 May 1977.

Deputy Berekins of the Guilford County Sheriff's Office travelled to the subject property to serve the summons but found the building vacant. He posted a copy of the summons and complaint on the building, noted on the return that he had done so, and stated on the return that the defendant "cannot be found in the county after due and diligent search." In fact, the deputy made no further efforts to serve any officer of the defendant and no effort to ascertain who was designated with the Secretary of State as agent to receive service of process.

A hearing before the magistrate was held 3 June 1976. Defendant had no notice of the hearing and was not present at the hearing. Judgment, granting possession of the property and $300 per month rent from 1 May 1976, was entered 4 June 1976.

Defendant gave written notice of appeal and demanded trial by jury 7 June 1976. Plaintiff, with the assistance of the sheriff, took possession of the premises 18 June 1976. On 12 January 1977, defendant filed a motion to dismiss alleging the insufficiency of service of process. By order of 21 March 1977, the trial court denied defendant's motion. Defendant appealed the denial of its motion to dismiss.

*No counsel contra.*

*O. Max Gardner III for defendant appellant.*

MORRIS, Judge.

The sole question presented by this appeal is whether the court has jurisdiction over the person of the defendant. Defendant argues that service of process was defective and, therefore, the motion to dismiss should have been allowed. We believe that it is not necessary for us to decide whether service of process was defective.

G.S. 1-75.7 provides that "[a] court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person: (1) Who makes a general appearance in an action. . . ." G.S. 7A-193 provides that "the civil procedure provided in chapters 1 and 1A of the General Statutes applies in the district court division of the General Court of Justice." Thus, if defendant made a "general appearance", the court has jurisdiction over his person even if service of process was defective. *In re Blalock,* 233 N.C. 493, 64 S.E. 2d 848 (1951).

In *Simms v. Mason's Stores, Inc.,* 285 N.C. 145, 203 S.E. 2d 769 (1974), the Supreme Court thoroughly discussed the application of G.S. 1-75.7 and the concept of "general appearance" in North Carolina law. The Court held that when the legislature used the term "general appearance" in enacting G.S. 1-75.7, it used the term in light of its settled meaning in North Carolina law. The Court clearly stated that if one "invoked the judgment of the court for any other purpose [than contesting service of process] he made a general appearance and by so doing submitted himself to the jurisdiction of the court whether he intended to do so or not." 285 N.C. at 151, 203 S.E. 2d at 773. Also, the Court

noted " 'that the making of any motion or the filing of answer *prior to the presentation of such objection* [to personal jurisdiction] *shall waive it.*' " 285 N.C. at 151, 203 S.E. 2d at 774. In that case, the Court held that moving the court for an extension of time amounted to a "general appearance". Although G.S. 1-75.7 was amended specifically to allow motions for extensions of time, we believe that otherwise the concept of a "general appearance" remains the same and that the concept should be given a liberal interpretation. In other cases, the Court has interpreted the concept liberally. Acts amounting to a general appearance include the following: (1) Challenging jurisdiction over the subject matter, *In Re Blalock*, supra; (2) Procuring the reduction of a civil arrest bond by consent order, *Reverie Lingerie, Inc. v. McCain*, 258 N.C. 353, 128 S.E. 2d 835 (1963); (3) Filing a motion for change of venue, *Waters v. McBee*, 244 N.C. 540, 94 S.E. 2d 640 (1956); (4) Filing a motion for a continuance, *Hardy & Newsome, Inc. v. Whedbee*, 244 N.C. 682, 94 S.E. 2d 837 (1956); and (5) Entering a stipulation agreeing to an extension of time, *Youngblood v. Bright*, 243 N.C. 599, 91 S.E. 2d 559 (1956). In short, " '[a]n appearance for any purpose other than to question the jurisdiction of the court is general.' " *Motor Co. v. Reaves*, 184 N.C. 260, 264, 114 S.E. 175, 177 (1922).

In the present case, judgment was entered by the magistrate 4 June 1976. On 7 June 1976 defendant, through counsel, gave written notice of appeal from the magistrate and also demanded trial by jury. We believe that those acts, taken together, are inconsistent with defendant's *subsequent* motion to dismiss for lack of jurisdiction over the person. We also note that the defendant gave notice of appeal and demanded trial by jury on 7 June 1976 but did not move to dismiss until 12 January 1977. We are of the opinion that, when a party gives notice of appeal and demands trial by jury prior to contesting the court's jurisdiction over his person, he has made a general appearance under G.S. 1-75.7. Thus, we conclude that the court has personal jurisdiction over the defendant. Furthermore, we note that defendant is entitled to a trial de novo and that he has actual notice of the proceedings and ample opportunity to prepare for trial.

For the foregoing reasons, the order of the trial court denying defendant's motion to dismiss is

Affirmed.

Judges CLARK and MITCHELL concur.