DORIS WILLIAMS v. RONALD RICHARDSON

No. 816DC50

(Filed 15 September 1981)

1. **Divorce and Alimony § 26.3 — jurisdiction to modify foreign child custody decree**

     A court in this State had jurisdiction to modify a Virginia child custody order where the court's conclusion that the children have a significant connection with this State and that there is available in this State substantial evidence relevant to the children's care, protection, training, and personal relationships was supported by the court's findings of fact that the mother and children moved to this State in order to be near the job of the mother's second husband, the move was unrelated to the custody proceeding pending in Virginia, and a county department of social services in this State has investigated the parties and the children.

2. **Divorce and Alimony § 23.6 — jurisdiction of child custody action — action pending in another state**

     The trial court did not err in exercising jurisdiction in a child custody proceeding on the ground that an identical action was pending in Virginia where judgment was entered by the Virginia Court on 7 February 1980, the action in this State was begun by the mother on 25 February 1980, and the mother, who was the losing party in the Virginia proceeding, showed that she had no interest in appealing the Virginia judgment when she filed her action in this State. G.S. 50A-6(a).

3. **Divorce and Alimony § 26— abduction of child—jurisdiction to modify foreign custody decree**

   A North Carolina court was not required by G.S. 50A-8(b) to decline jurisdiction of a proceeding to modify a Virginia child custody decree because the mother had abducted one of the children and brought her to this State if the court properly determined that it was in the best interest of the children that the court exercise jurisdiction despite the abduction; however, the trial court's conclusion that it should exercise jurisdiction in this case was unsupported by findings of fact, and the case must be remanded for such findings.

4. **Appeal and Error § 16; Divorce and Alimony § 26— action to modify foreign custody decree—appeal from denial of jurisdictional motion—abandonment of appeal**

   The district court was not divested of jurisdiction to enter a final order in an action to modify a foreign child custody decree because defendant gave notice of appeal from the denial of his motion to dismiss the action for lack of jurisdiction where the record shows that defendant abandoned his right to an immediate appeal and considered the court's ruling to be interlocutory in nature and involving matters which could be presented after the case was heard on its merits.

5. **Divorce and Alimony § 26.2— modification of foreign custody decree—changed circumstances—punitive measure**

   In order to modify a foreign child custody decree, the trial court must detail a substantial change in circumstances affecting the welfare of the child unless the court finds that the foreign decree was a disciplinary or punitive measure. G.S. 50A-13.

6. **Divorce and Alimony § 25.3; Infants § 6.4— custody action—private examination of child by court**

   A trial judge may not question a child privately in a custody proceeding except by consent of the parties.

APPEAL by defendant from *Long, Judge.* Judgment entered 19 August 1980 in District Court, HALIFAX County. Heard in the Court of Appeals 5 June 1981.

Plaintiff and defendant were formerly husband and wife. Two children were born of the marriage—Tammy Renee in July 1971 and Christopher Scott in February 1974. The parties were divorced in October 1977 in the Circuit Court of Sussex County, Virginia. Mrs. Williams was given custody of the children, with overnight visitation rights granted to Mr. Richardson. In addition, Mr. Richardson was ordered to pay $250 per month for child support. Mrs. Williams married her present husband in 1978 and moved to Emporia, Virginia, taking the two children with her. Mr. Richardson worked in Emporia at the time and exercised his visitation rights regularly.

In May 1979, Mr. Richardson was transferred by his employer to Georgia. In July, he filed a petition in the Juvenile and Domestic Relations Court of the City of Emporia seeking temporary and permanent custody of the children. A hearing was scheduled for 2 August. Both parties appeared, and Mrs. Williams was granted a continuance so she could secure the services of an attorney. The hearing was rescheduled for 16 August. Mr. Richardson appeared in court that day, but Mrs. Williams did not. (Mrs. Williams moved with her husband and the children to Severn, North Carolina, on 6 August. Severn is two miles inside the State of North Carolina. On 23 August the family moved to Rich Square, North Carolina.) The court granted Mr. Richardson visitation privileges and ordered that home study reports be conducted on the parties.

On 16 August, the day Mrs. Williams was to appear in the Emporia Court, she filed a petition for a writ of habeas corpus in the District Court of Northampton County, North Carolina. No mention was made of the pending proceeding in Virginia. Mrs. Williams alleged in the petition that Mr. Richardson had threatened to take the children to Georgia. She further alleged the Virginia decree was of no effect since she then resided in North Carolina. Mrs. Williams failed to appear at the hearing on the petition. The trial judge, upon learning of the pendency of the Virginia case, vacated the writ. Subsequently, Mrs. Williams, through counsel, gave notice of appeal.

Mrs. Williams continued to avoid appearing at the Virginia court hearings. On 8 November 1979, the court found her in contempt for denying visitation privileges to Mr. Richardson and for failing to appear. Nevertheless, the trial court was reluctant to proceed without Mrs. Williams, and a new hearing was scheduled for 7 February 1980. The court granted Mr. Richardson visitation rights every other weekend. These rights were exercised by Mr. Richardson's mother since he could not commute readily from Georgia.

On 7 February 1980, Mrs. Williams again failed to appear. The Virginia court heard evidence and reviewed the home study reports. Thereafter, the court found that a change of custody would be in the best interest of the children and granted permanent custody to Mr. Richardson. Mrs. Williams was granted

visitation rights. Mr. Richardson filed a copy of the Virginia court order in Northampton County, gained custody of the children, and returned with them to Georgia.

On 21 February 1980, Mrs. Williams went to Georgia, removed Tammy from school, and returned with Tammy to North Carolina. She was unable to locate her son, who remained with the father. Mr. Richardson sought and received from the Virginia court an order to have Tammy returned to her father. The order was ineffective, however, because the child was in North Carolina.

On 25 February 1980, Mrs. Williams began this action in the Northampton County District Court asking for temporary custody of the children. Mr. Richardson moved to dismiss for lack of jurisdiction, and a hearing was conducted on 13 March. Both parties were present and represented by counsel. The trial judge reviewed the court records, heard arguments and statements of counsel, and made the following conclusions of law.

1. It is in the best interests of said minor children that this Court assume jurisdiction because (i) the children and the plaintiff have a significant connection with this State and (ii) there is available in this State substantial evidence relevant to the children's present or future care, protection, training and personal relationships.

2. This Court should not decline to exercise jurisdiction because the plaintiff took one of the children from the defendant in Georgia. and returned her to North Carolina in violation of the Virginia Court Order because the interests of the children require a full, complete and impartial hearing on the question of custody and the action of the plaintiff was represented to be on advice of counsel. It is just and proper under all the circumstances that this Court assume jurisdiction.

3. This Court may, if the evidence later presented should so justify, modify the custody decree of the Virginia Court because (i) that Court does not now have jurisdiction under the jurisdictional prerequisites substantially in accordance with Chapter 50A of the General Statutes of North Carolina and (ii) this Court does meet these jurisdictional prerequisites.

Thereafter, the court awarded temporary custody of the children to Mrs. Williams and made further orders in anticipation of a full and complete evidentiary hearing. The evidentiary hearing was held in Halifax County on 8 July and 19 August, 1980. The court took testimony, made findings of fact that both parties were fit and suitable to have custody of the children, and further included in its order most of the findings made in the order granting Mrs. Williams temporary custody. The court concluded that Mrs. Williams should have primary custody of both minor children, and that such custody was in the best interests of the children. The court further concluded that the minor children are entitled to reasonable and adequate support from the defendant and that defendant is able to provide such support. The court thereupon ordered that Mrs. Williams have custody of both children with Mr. Richardson to have visitation privileges. In addition, the court ordered that Richardson make support payments. Mr. Richardson gave timely notice of appeal from the order.

*William W. Aycock, Jr., for plaintiff appellee.*

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Norman B. Smith, for defendant appellant.*

HILL, Judge.

Appellant brings forth eight assignments of error which can be grouped into three categories.

## I.

*Was it proper for the North Carolina trial court to exercise jurisdiction in this case?*

Mr. Richardson contends that it was not proper for the North Carolina court to exercise jurisdiction. In support of this position, he argues that the district court could not take jurisdiction because the Virginia court retained jurisdiction of the dispute.

Virginia has adopted the Uniform Child Custody Jurisdiction Act, and it is clear that the Virginia court had jurisdiction to modify its original custody order. *See* Va. Code § 20-126 (Cum. Supp. 1981). At the time Richardson filed his action, Virginia was the home state of the children and Mrs. Williams was living in the

State of Virginia. The Virginia order granting custody of the children to Richardson, unless punitive, was binding on the parties and the courts of this State so long as it was not properly modified. *See* G.S. 50A-12, -13; *9 Uniform Laws Annotated* 152 (1979).

The question thus becomes whether it was proper for the North Carolina court to modify the Virginia order.

> If a court of another state has made a custody decree, a court of this State shall not modify that decree unless (1) it appears to the court of this State that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Chapter . . . and (2) the court of this State has jurisdiction.

G.S. 50A-14.

Although the Virginia court had jurisdiction to modify its original custody order, its jurisdiction ended at the time of the modification. None of the requirements of § 20-126 of the Virginia Code could be met after that time. Still, it would not have been proper for the North Carolina court to modify the Virginia order unless it had jurisdiction under G.S. 50A-3.

> A court of this State, authorized to decide child custody matters, has jurisdiction to make a child custody determination by . . . modification decree if: It is in the best interest of the child that a court of this State assume jurisdiction because . . . (i) the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence, relevant to the child's present or future care, protection, training, and personal relationships.

G.S. 50A-3(a)(2).

Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine custody. G.S. 50A-3(c).

[1] The district court concluded as a matter of law in its order of 13 March 1980 that the children have a significant connection with this State and there is available in this State substantial evidence relevant to the children's care, protection, training, and personal relationships. The conclusion is supported by the facts as

found. The district court found that on 6 August 1979, Mrs. Williams and the children moved to North Carolina in order to be near Mrs. Williams' new husband's job. The move was unrelated to the custody proceeding pending in Virginia. The court further found that the Department of Social Services in Northampton County had investigated the parties and the children. We find that the North Carolina court could properly exercise jurisdiction to modify the Virginia order.

[2] In his second argument relating to jurisdiction, Richardson argues that the North Carolina court erred in exercising jurisdiction, because, at the time the case was filed, an identical action was pending in Virginia.

G.S. 50A-6(a) requires that North Carolina decline jurisdiction of a custody action if a similar action is pending in another state. Judgment was entered by the Virginia court on 7 February 1980. The action before this Court began on 25 February 1980. Virginia permits a losing party 30 days to file a motion for a new trial; that is, until 9 March 1980 in this case. However, the right to appeal alone is insufficient to continue jurisdiction when the party demonstrates abandonment of such right. By filing her action in North Carolina, Mrs. Williams demonstrated that she had no interest in appealing the Virginia judgment. Richardson's second argument is without merit.

[3] In his third argument relating to jurisdiction, Richardson contends the North Carolina court was required by G.S. 50A-8(b) to decline jurisdiction.

The statute provides that:

> *Unless required in the best interest of the child,* the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody . . .. (Emphasis added.)

Certainly, this Court does not condone Mrs. Williams' abduction of her child. In the vast majority of cases, such action will result in the refusal by the courts of this State to exercise jurisdiction to modify a custody decree. Nevertheless, the district court concluded as a matter of law that, despite the abduction, it should

not decline to exercise jurisdiction. The court reasoned that "the interests of the children require a full, complete and impartial hearing on the question of custody . . . and the action of [Mrs. Williams] was represented to be on advice of counsel."

Whether Mrs. Williams abducted her child from Georgia upon the advice of counsel is irrelevant. The only proper inquiry for the district court was whether it was required, in the best interest of the children, to exercise its jurisdiction at a time when it ordinarily would be mandated not to do so. We find that, although the record could support a conclusion that it was in the best interest of the children that the State exercise jurisdiction to modify the custody order, there are no findings of fact which would support such a conclusion. The case must be remanded for such findings.

In his fourth argument relating to jurisdiction, Mr. Richardson argues that the present case is in effect an appeal of the decision rendered in the Virginia court. Mr. Richardson bases his argument on the fact that of the twenty findings of fact made by the North Carolina court only three represent events occurring after the Virginia order granting Richardson custody was issued.

The repetitiveness of the findings is irrelevant. The important inquiries are, first, whether North Carolina had jurisdiction to modify the Virginia order. That question must be answered on remand. The second important inquiry is whether the North Carolina court made a finding of a substantial change of circumstances that would support a modification. That inquiry is addressed *infra*.

In his fifth argument relating to jurisdiction, Richardson argues the district court erred by accepting jurisdiction of the action because there was no existing cause of action in North Carolina between the parties.

The initial pleading filed by Mrs. Williams was entitled "Motion." Nevertheless, the substance of the pleading is that of a complaint and was treated as such by both parties. The responsive pleading filed was an answer. The court referred to the original pleading as a complaint. It was assigned a file number. The action throughout was treated by both parties as a complaint and a new action. The substance controls over the form. This assignment of error is without merit.

[4] Appellant contends in his sixth argument relating to jurisdiction that the district court was divested of jurisdiction to enter a final order in this cause when both parties had filed notice of appeal in prior actions. The trial court had previously dismissed a habeas corpus proceeding brought by Mrs. Williams, and she had appealed. Mr. Richardson had moved to dismiss the present action before the court for lack of jurisdiction. The motion was denied, and Mr. Richardson gave notice of appeal. Neither appeal was perfected.

Ordinarily, an appeal lies immediately from refusal to dismiss a cause for want of jurisdiction. *Kilby v. Dowdle*, 4 N.C. App. 450, 166 S.E. 2d 875 (1969). However, such an appeal may be abandoned by action of the parties. Appellant abandoned his right to an immediate appeal and considered the order to be interlocutory in nature and involving matters which could be presented after the case was heard on its merits, as evidenced by the following:

(1) After the court ordered evidentiary hearings the appellant requested a continuance in order to have a Virginia social service report available.

(2) Later, appellant consented that the hearing on the merits be transferred from Northampton County to Halifax County.

(3) Then the appellant moved that the matter be referred back to the Virginia court for it to take further evidence and make findings with respect to whether Virginia or the North Carolina courts should decide the question of which parent should have custody. The appellant's appeal from the 13 March 1980 order was for failure of the court to grant an absolute dismissal of the proceedings in North Carolina.

(4) The appellant appeared at the evidentiary hearings held on 8 July 1980 and 19 August 1980, cross-examined witnesses, presented evidence and arguments to the court and in every respect fully participated in the trial on the merits. He did not at either hearing contend the court was without jurisdiction to hear the case on the merits because of the earlier notice of appeal.

(5) Finally, the appellant consented to an order which stated that in addition to the 19 August 1980 order "all prior interim orders entered herein, defendant has given due and timely notice of appeal to the North Carolina Court of Appeals." Thus, the appellant acknowledged that the 13 March 1980 order was an interim or interlocutory order.

This assignment of error is without merit and overruled.

In summation, we hold that the North Carolina court could properly exercise jurisdiction to modify the Virginia decree despite Mrs. Williams' abduction of her daughter if it was in the best interest of the children that this State exercise its jurisdiction. The case must be remanded for such findings.

II

*Should the district court's modification of the prior Virginia custody decree be reversed because there is no finding of a substantial change of circumstances?*

[5] A court of this State may modify a previous custody order only upon a showing of changed circumstances affecting the welfare of the child. G.S. 50-13.7; *Clark v. Clark*, 294 N.C. 554, 243 S.E. 2d 129 (1978). Mr. Richardson correctly points out that none of the district court's findings addressed the issue of changed circumstances.

A possible reason for this failure can be found in finding of fact #11 of the district court's order assuming jurisdiction of the action. In the finding, which is incorporated into the final order, the district court states that the Virginia court "found in its Order that there had been a substantial change in the circumstances of the parties and that a change in custody would be in the best interests of the parties; however, the Court failed to find any facts to support these conclusions." Given that finding, we can only conclude that the district court did not feel a need to detail a change of circumstances when the order revoking Mrs. Williams' custody did not show a change of circumstances. While such an analysis by the district court would be logical, it would also be erroneous.

The courts of this State *shall* recognize and enforce a modification decree of a court of another state. *See* G.S. 50A-13. "Recognition and enforcement is *mandatory* if the state in which

the prior decree was rendered 1) has adopted [the Child Custody Jurisdiction] Act." (Emphasis added.) *9 Uniform Laws Annotated* 151 (1979). Only by making recognition and enforcement mandatory can the purposes of the Act detailed in G.S. 50A-1(a) be realized.

Nevertheless, the mandate of G.S. 50A-13 will cause problems if the prior decree (here the Virginia modification) is a disciplinary or punitive measure. *Id.* at p. 152. "Although the Uniform Act requires recognition and enforcement of out-of-state custody decisions in general, punitive decrees do not command the respect that is due other out-of-state custody decrees and should not be recognized under the Act." Bodenheimer, *Child Custody Problems*, 65 Calif. L. Rev. 978, 1003-4 (1977). It could be implied from the district court's findings that it believed the Virginia modification order to be punitive and unworthy of recognition. However, upon our examination of the Virginia modification order, we find it equally possible that the Virginia court's finding that Mrs. Williams failed to appear and bring the children to court as ordered supports that court's conclusion that there had been a substantial change in circumstances, thus destroying any contention that the order is punitive.

The case must be remanded to the district court for findings in this area. Assuming that the trial court decides to exercise jurisdiction, in order to modify the Virginia decree, the court must find the decree to be punitive or detail a substantial change in circumstances.

### III

*Did the district court commit reversible error by not allowing the parties' daughter to testify to her preference regarding custody?*

[6] At the close of hearing, Mr. Richardson's counsel offered Tammy to be privately questioned by the trial judge in his chambers. Mrs. Williams' counsel objected. A trial judge may not question a child privately in a custody proceeding except by consent of the parties. *Smith v. Rhodes*, 16 N.C. App. 618, 192 S.E. 2d 607 (1972). The assignment of error is overruled.

The case must be remanded to the trial court for findings of fact consistent with this opinion. If it is found that it is not in the

best interest of the children that the State exercise its jurisdiction, the Virginia order will stand. If it is found to be in the best interest of the children that this State exercise jurisdiction, the Virginia order will continue to be effective unless it is found to be punitive, or the trial court finds a substantial change of circumstances since the Virginia order was issued.

Remanded.

Judges MARTIN (Robert M.) and CLARK concur.