ADA JEAN LATCH v. GEORGE DALE LATCH

No. 8212DC768

(Filed 2 August 1983)

1. **Appeal and Error § 6.3— subject matter jurisdiction—denial of motion to dismiss—no right of immediate appeal**

   Denial of a motion to dismiss for lack of subject matter jurisdiction is an interlocutory order not affecting a substantial right and is, therefore, not immediately appealable.

2. **Divorce and Alimony § 23.5; Infants § 5— custody of child in another state—subject matter jurisdicition**

   The courts of this State have subject matter jurisdiction of an action for custody of a child who is physically present in Pennsylvania pursuant to the "significant connection" provisions of G.S. 50A-3(a)(2)(i) and the "substantial evidence" provisions of G.S. 50A-3(a)(2)(ii) where the child's mother, who was granted custody under a separation agreement, resides in North Carolina and has lived in this State most of her life; the child was residing with her mother in this State when she was abducted by the father and taken to Pennsylvania; and the child resided in North Carolina approximately one-half of the two years that had elapsed between her parents' separation and her abduction. Furthermore, jurisdiction was also authorized under G.S. 50A-3(a)(4) where it appears that a Pennsylvania court has declined to exercise jurisdiction on the ground that this State is the more appropriate forum and it is in the best interest of the child that North Carolina assume jurisdiction.

   Judge HEDRICK concurring in the result.

APPEAL by defendant from *Hair, Judge.* Orders entered 23 March 1982 and 8 April 1982 in District Court, CUMBERLAND County. Heard in the Court of Appeals 17 May 1983.

Plaintiff sued to obtain custody of and support for the parties' child, now five years old. When married in 1976, the parties lived in Pennsylvania where the child was born, and they lived in that state until they separated in January, 1980. The separation agreement entered into gave plaintiff custody of the child, and she and the child moved to North Carolina and lived with plaintiff's mother in Fayetteville until September, 1980, when they went back to Pennsylvania and resided there in one of the houses owned by the parties until August, 1981, when they returned to Fayetteville.

In September, 1981, defendant instituted a custody action in Pennsylvania, alleging therein that plaintiff was residing in Pennsylvania, even though he knew she and the child were living in North Carolina, and plaintiff did not receive a copy of the suit papers until 26 February 1982. On 5 December 1981, while plaintiff and the child were at a shopping center in Fayetteville, defendant abducted the child and took her back to Pennsylvania with him. Two weeks later, plaintiff filed this action.

In responding to plaintiff's suit, defendant contested the Court's jurisdiction of the subject matter; but after two hearings on defendant's motion, the court concluded, in two separate orders, that it had jurisdiction and ordered a custody hearing.

*No counsel for plaintiff appellee.*

*Reid, Lewis & Deese, by Renny W. Deese, for defendant appellant.*

PHILLIPS, Judge.

[1] Denial of a motion to dismiss for lack of subject matter jurisdiction is an interlocutory order, not affecting a substantial right, and therefore not immediately appealable. *Teachy v. Coble Dairies, Inc.,* 306 N.C. 324, 293 S.E. 2d 182 (1982). However, in order to facilitate an early resolution of the custody issue, which the child's welfare requires, we will treat defendant's appeal as a writ of certiorari pursuant to Rule 21(a), N.C. Rules App. Proc.

[2] Defendant contends the North Carolina trial court never had subject matter jurisdiction. The Uniform Child Custody Jurisdiction Act lists four alternative grounds for subject matter jurisdiction. G.S. 50A-3. Plaintiff's claim falls under two of these grounds for jurisdiction.

G.S. 50A-3(a)(2) authorizes North Carolina court jurisdiction of a child custody matter if:

> It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and the child's parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence relevant to the child's present or future care, protection, training, and personal relationships . . . .

Plaintiff has lived most of her life in North Carolina and therefore has a significant connection with this state. Although the child spent the first twenty-two months of her life in Pennsylvania, she has resided in North Carolina approximately one-half of the two years that elapsed between her parents' separation and her abduction. The child's mother, who was granted custody under the separation agreement, resides in North Carolina. The child would still be in North Carolina if she had not been abducted. Under these circumstances, the child has a "significant connection" with this state.

The facts that the child had settled into North Carolina residence and that her mother lives in this state support the statutory requirement that there is available in North Carolina "substantial evidence relevant to the child's present or future care, protection, training, and personal relationships . . . ." The trial court properly concluded it had jurisdiction under G.S. 50A-3(a)(2).

Jurisdiction is also authorized under G.S. 50A-3(a)(4) if:

> (i) It appears that . . . another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.

In a letter to defendant, the Pennsylvania court stated it was relinquishing jurisdiction to the North Carolina court. This was done to avoid a jurisdictional conflict that would have created difficulties for the child, the parties and the courts, and because the Pennsylvania court was of the opinion that this state is the more appropriate forum under the circumstances. We agree.

The orders appealed from are therefore

Affirmed.

Judge WELLS concurs.

Judge HEDRICK concurs in result.

Judge HEDRICK concurring in the result.

I concur in the result reached by the majority; however, I believe the appeal should be dismissed since it is from an interlocutory order not affecting a substantial right. To "treat defendant's appeal as a writ of certiorari pursuant to Rule 21(a)" frustrates the expeditious administration of justice in this case, and encourages appeals from interlocutory orders which causes unnecessary and unreasonable delay and expense.