JOHN HUGH BRYAN v. CANDACE KENDALL BRYAN

No. 8312DC102

(Filed 7 February 1984)

**Divorce and Alimony § 26— modification of foreign child custody order—no authority to exercise jurisdiction**

The district court was without authority to exercise its jurisdiction to modify a Pennsylvania child custody order where defendant mother was entitled to custody of the child under the Pennsylvania order; one day before the child was to be returned to defendant after a visit to plaintiff in this State pursuant to the order, plaintiff filed a motion in the district court for a modifica-

---

**Bryan v. Bryan**

---

tion of the order; and the trial court failed to find that plaintiff's retention of the child in this State was with defendant's consent or that the interest of the child required the district court to exercise its jurisdiction. G.S. 50A-8(b).

APPEAL by defendant from *Hair, Judge.* Order entered 14 September 1982 in District Court, CUMBERLAND County. Heard in the Court of Appeals 10 January 1984.

This is a proceeding wherein the plaintiff seeks modification of a custody order in regard to his seven-year-old son, Kendle Carmer Bryan. The record reveals the following:

On 25 June 1981, the Court of Common Pleas of Montgomery County, Pennsylvania, entered an order awarding custody of Kendle to his mother, the defendant in the present action. On 8 October 1981 the Pennsylvania court entered a "supplemental order" awarding plaintiff, the child's father, "partial custody" and identifying specific time periods throughout the calendar year when plaintiff's "partial custody" was to become effective. In July 1981 defendant moved from Pennsylvania to Ohio, where she continues to live. In December 1981 plaintiff, a medical doctor, moved from Pennsylvania to Cumberland County, North Carolina. Kendle continued to live with his mother in Ohio until 10 July 1982, at which time he came to Cumberland County to stay with his father, the plaintiff, for a seven-week period as provided in the Pennsylvania court order. On 27 August 1982, one day before plaintiff's "partial custody" rights expired, plaintiff filed a motion in the District Court of North Carolina wherein he sought modification of the Pennsylvania decree so as to obtain custody of Kendle. On that date the North Carolina District Court entered an ex parte order awarding temporary custody of Kendle to plaintiff "pending the service of process or Notice on the Defendant, and the hearing of this cause on its merits." On 2 September 1982 defendant filed motions under N.C. Gen. Stat. Sec. 1A-1, Rule 12(b)(1) and (6) seeking dismissal of the action. Defendant filed an additional motion asking that the court decline jurisdiction for inconvenience of forum pursuant to N.C. Gen. Stat. Sec. 50A-7(a), (c), and (f). The record shows that the jurisdiction of the court over both parties to the action was stipulated. In an order filed 8 October 1982, after a hearing on defendant's motions, the trial court concluded that it had jurisdiction to modify the order of the Penn-

sylvania court and continued in effect the ex parte order of 27 August 1982, pending hearing on the merits. Defendant appealed.

*Blackwell, Thompson, Swaringen, Johnson & Thompson, P.A., by John V. Blackwell, Jr., for plaintiff, appellee.*

*Skvarla, Wyrick & From, P.A., by Samuel T. Wyrick, III, and Harris, Sweeny & Mitchell, by Ronnie M. Mitchell, for defendant, appellant.*

HEDRICK, Judge.

The order appealed from is essentially an order denying defendant's motion to dismiss the proceeding based on defendant's challenge of the subject matter jurisdiction of the Cumberland County District Court to modify the custody order of the Court of Common Pleas of Montgomery County, Pennsylvania. Such an order is interlocutory and ordinarily not immediately appealable. *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E. 2d 182 (1982); *Shaver v. Construction Co.*, 54 N.C. App. 486, 283 S.E. 2d 526 (1981). We treat the appeal as a petition for writ of certiorari, however, and allow the same so that we may treat one aspect of the case on its merits.

Assuming *arguendo* that the District Court in this proceeding has jurisdiction pursuant to N.C. Gen. Stat. Sec. 50A-3 to modify the custody order of the Pennsylvania court, we must determine whether the District Court had authority to exercise its jurisdiction.

N.C. Gen. Stat. Sec. 50A-8(b) in pertinent part provides:

Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, *without consent* of the person entitled to custody, has *improperly* removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody.

(Emphasis added.) When the record shows that the parent seeking modification of a custody order of another state has improperly retained the child after a visit, the law does not allow a district court in this state to exercise its jurisdiction to modify the order

absent findings of fact in support of the conclusion that the interest of the child requires it to do so.

In the present case the record affirmatively discloses that defendant is entitled to custody of Kendle pursuant to the Pennsylvania decree. The child was visiting plaintiff pursuant to the same decree. One day before Kendle was to be returned to his mother, plaintiff filed a motion in the cause for a change of custody. In neither the ex parte order entered 27 August 1982 nor the decision continuing the effect of the ex parte order, entered 14 September 1982, did the trial judge find that plaintiff's retention of the child in this state was with the defendant's consent or that the interest of the child required the District Court to exercise its jurisdiction.

We hold that the trial court erred in concluding that it had authority to exercise its jurisdiction to modify the Pennsylvania custody order, and the order appealed from must thus be vacated. It therefore follows that the District Court was without authority to exercise its jurisdiction regarding custody of Kendle subsequent to the order appealed from.

Vacated.

Judges BRASWELL and EAGLES concur.