JUAN NAPUTI v. LINDA G. NAPUTI

No. 8312DC43

(Filed 20 March 1984)

**Divorce and Alimony § 23— child custody—North Carolina court without jurisdiction**

A North Carolina court did not have subject matter jurisdiction to modify a Texas divorce decree and award plaintiff custody of his daughter where there was no evidence or implication that a Texas court ever declined to exercise its jurisdiction to modify the original decree, and since it is an absolute prerequisite to North Carolina's power to modify the Texas decree that Texas no longer have jurisdiction. G.S. 50A-14(a) and G.S. 50A-3(a)(3)(ii).

APPEAL by defendant from *Hair, Judge.* Judgment entered 1 September 1982 in District Court, CUMBERLAND County. Heard in the Court of Appeals 5 March 1984.

This is an action brought by plaintiff to obtain custody of his daughter, a minor child. The parties were divorced and custody of their two children, a son and a daughter, was awarded to defendant by Texas decree of September 1979. Shortly thereafter, plaintiff, a military officer, was transferred to North Carolina while defendant continued to reside in Texas with the two children. Defendant currently resides in Texas.

In November 1981, the parties' daughter telephoned plaintiff and requested that he allow her to come live with him in North Carolina. Plaintiff sent her an airline ticket, and since that time the child has resided with plaintiff and his new wife in North Carolina. Shortly after his daughter came to North Carolina plaintiff instituted this action for her custody. Defendant raised the defense of lack of subject matter jurisdiction at several points during the proceedings, but these motions were denied. On 1 September 1982 the trial court issued its order awarding custody of the parties' daughter to plaintiff. From this order defendant appeals.

*Lumbee River Legal Services, Inc., by David P. Ford, for defendant appellant.*

*No brief for plaintiff appellee.*

VAUGHN, Chief Judge.

The critical issue on appeal is this: Did North Carolina have subject matter jurisdiction to modify the Texas divorce decree and award plaintiff custody of his daughter? We hold that North Carolina did not have jurisdiction, and the order issued by the trial court is therefore void.

North Carolina has adopted the Uniform Child Custody Jurisdiction Act [hereinafter "UCCJA"] as Chapter 50A of the General Statutes. G.S. 50A-14(a), entitled "Modification of custody decree of another state," governs the jurisdictional issue at bar. It sets out the following jurisdictional requirements for modification:

> If a court of another state has made a custody decree, a court of this State shall not modify that decree unless (1) it appears to the court of this State that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Chapter or has declined to assume jurisdiction to modify the decree and (2) the court of this State has jurisdiction.

By requiring the court of the state seeking modification to have jurisdiction, the jurisdictional requirements of G.S. 50A-14(a) necessarily include those of G.S. 50A-3, the UCCJA section that articulates the means by which North Carolina can acquire jurisdiction to render or modify a custody decree. The trial court found that G.S. 50A-3(a)(3)(ii) applied to confer jurisdiction on North Carolina. This statute provides:

> A court of this State authorized to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if: . . . [t]he child is physically present in this State and . . . it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent . . . .

To meet the requirements of G.S. 50A-14(a) and G.S. 50A-3(a) (3)(ii), three questions must be answered affirmatively. As applied to this case, we frame the questions as follows:

A. Lack of Texas jurisdiction:

  1. Did the Texas court lack jurisdiction under jurisdictional prerequisites similar to those of the UCCJA, or, has the Texas court declined to exercise jurisdiction to modify the decree?

B. North Carolina jurisdiction:

  2. Was the child physically present in North Carolina?

  3. Did an emergency situation exist?

  As to whether Texas has jurisdiction, there is no evidence or implication that a Texas court ever declined to exercise its jurisdiction to modify the original decree. In fact, the record indicates the contrary, that plaintiff had originally sought to gain custody of his daughter through the Texas courts, but this was never accomplished. There is some conflict in the record as to why plaintiff abandoned his efforts in Texas; it nevertheless appears that the Texas courts were willing to hear plaintiff's petition for a modification of the decree.

  The jurisdictional question on which this appeal turns, then, is whether "it appears to the court of this State [North Carolina] that the court which rendered the decree [Texas] does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with . . . Chapter [50A]." G.S. 50A-14(a)(1). We hold that Texas has maintained jurisdiction of the subject matter and therefore North Carolina was without jurisdiction to modify the Texas decree.

  The Texas statute conferring jurisdiction in custody matters is substantially similar to that of the UCCJA, as adopted by North Carolina, see TEX. FAM. CODE ANN. 11.045 (Vernon Supp. 1982-3), and a related statute explicitly provides for continuing jurisdiction in all matters relating to suits affecting the parent-child relationship, subject to certain exceptions. See TEX. FAM. CODE ANN. 11.05 (Vernon Supp. 1982-3). We have examined those exceptions, and conclude that none apply to the instant case. Thus, Texas continues to have jurisdiction of the issue of child custody and the requirement of G.S. 50A-14(a)(1), that the rendering court "not now have jurisdiction," is not satisfied. Cf. *Williams v. Richardson*, 53 N.C. App. 663, 281 S.E. 2d 777 (1981), *review denied*, 304 N.C. 733, 288 S.E. 2d 382 (1982) (where rendering state no longer had jurisdiction at the time modification sought).

Since Texas has continuing jurisdiction, and since it is an absolute prerequisite to North Carolina's power to modify the Texas decree that Texas no longer have jurisdiction, *see* G.S. 50A-14(a), North Carolina does not have subject matter jurisdiction. Any judgment rendered without subject matter jurisdiction is void, *Pifer v. Pifer*, 31 N.C. App. 486, 488, 229 S.E. 2d 700, 702 (1976); *see In re Peoples*, 296 N.C. 109, 144, 250 S.E. 2d 890, 910 (1978), *cert. denied*, 442 U.S. 929, 61 L.Ed. 2d 297, 99 S.Ct. 2859 (1979) (subject matter jurisdiction cannot be conferred upon a court by consent, waiver, or estoppel); therefore, the order modifying the original Texas decree is void. If plaintiff still seeks a modification of the decree awarding custody to defendant, he must bring his action in Texas.

Our holding that North Carolina is without subject matter jurisdiction obviates the need to consider appellant's other assignments of error. In particular, we do not decide whether North Carolina had jurisdiction pursuant to an emergency situation, nor do we pass judgment on the conclusion of law that the change in circumstances was sufficient to justify the modification of the custody decree. The judgment below is hereby vacated.

Vacated.

Judges WHICHARD and PHILLIPS concur.