JACK T. JERSON v. CHRISTY LYNN JERSON (O'HERRON)

No. 8310DC1260

(Filed 5 June 1984)

**Divorce and Alimony § 26— vacation of order modifying foreign child custody order**

A district court order granting to an in-state mother temporary custody of a child whose custody had been granted to an out-of-state father by a foreign divorce decree must be vacated, although the majority of the panel of the Court of Appeals failed to agree on the basis for such decision.

Judge JOHNSON concurring in the result.

Judge WELLS dissenting.

APPEAL by plaintiff from *Creech, Judge.* Orders entered 28 October 1983 in District Court, WAKE County. Heard in the Court of Appeals 13 April 1984.

*Ragsdale, Kirschbaum & Day, P.A., by William L. Ragsdale and Kathy A. Klotzberger, for plaintiff appellant.*

*Donald H. Solomon for defendant appellee.*

BECTON, Judge.

An out-of-state father appeals from orders (a) granting temporary custody of a child to an in-state mother, and (b) denying his motions to dismiss the proceeding. We hold that the trial court failed to find facts sufficient to exercise its jurisdiction under the Uniform Child Custody Jurisdiction Act, N.C. Gen. Stat. § 50A-1 *et seq.* (Supp. 1983).

I

Plaintiff[1] husband and defendant wife obtained an Oklahoma divorce in 1979. The decree awarded custody of their minor child to the husband. The wife then moved to North Carolina, and the husband moved to Texas. Pursuant to the decree, the child visited

---

1. Although "defendant" wife initiated the action, styled "Motion in the Cause," in the North Carolina court, and is the only party to seek affirmative relief in this State, she designated her ex-husband, a non-resident, as plaintiff. While we strongly disapprove of such procedure, we follow the designations used for the sake of clarity.

the wife in North Carolina in the summer of 1983, and the wife refused to return him to Texas. Instead, she filed a motion in the cause in District Court, Wake County, seeking modification of the Oklahoma decree. Plaintiff husband gave notice of appeal from an order granting defendant wife temporary custody. After this Court denied the husband's petition for a writ of supersedeas, he withdrew his appeal. The husband then filed notice of dismissal pursuant to N.C. Gen. Stat. § 1A-1, Rule 41 (1983), and a motion to dismiss for lack of jurisdiction, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1983), because the wife failed to properly commence an action pursuant to N.C. Gen. Stat. § 1A-1, Rule 3 (1983) and because the husband had already filed a notice of dismissal. The court set aside the Rule 41 notice of dismissal and denied the motion. The husband appeals.

## II

Before making his motion to dismiss for lack of jurisdiction, the husband filed a notice of appeal, a petition for writ of supersedeas, a petition for writ of certiorari, and notice of dismissal. In North Carolina, virtually any action other than a motion to dismiss for lack of jurisdiction constitutes a general appearance in a court having subject matter jurisdiction. *See* N.C. Gen. Stat. § 1-75.7 (1983); *Simms v. Mason's Stores, Inc.*, 285 N.C. 145, 203 S.E. 2d 769 (1974) (request for extension of time to plead; since changed by statute); *Alexiou v. O.R.I.P., Ltd.*, 36 N.C. App. 246, 243 S.E. 2d 412, *disc. rev. denied*, 295 N.C. 465, 246 S.E. 2d 215 (1978) (notice of appeal to district court); *Williams v. Williams*, 46 N.C. App. 787, 266 S.E. 2d 25 (1980) (participation in conference with plaintiff and court). The district court apparently had subject matter jurisdiction, N.C. Gen. Stat. § 50A-3 (Supp. 1983), although, as discussed below, it did not properly exercise it. We therefore hold that the husband entered a general appearance and waived his right to contest personal jurisdiction.

## III

Therefore, the only general jurisdictional ground on which the husband may proceed is subject matter jurisdiction. Our Supreme Court, however, has recently held that denial of a motion to dismiss for lack of subject matter jurisdiction is interlocutory and not appealable. *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E. 2d 182 (1982). Although we would ordinarily

dismiss this appeal, in our discretion we treat the appeal as a petition for writ of certiorari in order to clarify our position on the exercise of jurisdiction in child custody cases. N.C. Gen. Stat. § 7A-32(c) (1981).

## IV

The court took jurisdiction of this case under the Uniform Child Custody Jurisdiction Act (UCCJA), G.S. § 50A-1 *et seq.* (Supp. 1983). The UCCJA contains a provision intended to limit access to the courts by parents who take "self-help" measures in defiance of foreign custody decrees, N.C. Gen. Stat. § 50A-8(b) (Supp. 1983):

> Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, *without consent* of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has *improperly retained the child after a visit* or other temporary relinquishment of physical custody. (Emphasis added.)

We have recently held that even when the district court has jurisdiction over the person of the out-of-state parent in an action to modify a foreign custody decree, it has no authority to exercise its jurisdiction without making findings of fact which support the conclusion that such exercise is required in the interest of the child, if the record shows that the parent seeking the modification has improperly retained the child. *Bryan v. Bryan*, 66 N.C. App. 461, 311 S.E. 2d 313 (1984). In *Bryan*, the record contained no findings at all that the interest of the child required exercise of its jurisdiction, and this Court accordingly vacated the custody order as beyond the authority of the lower court.

In this case the trial court's order did contain a recitation that it was in the best interest of the child that it assume jurisdiction. We hold that this does not comply with the stated policy of the UCCJA or with the case law. It would seriously weaken the express policy of the UCCJA, which seeks to deter unilateral actions to avoid foreign custody decrees, *see* G.S. § 50A-1(a)(5) (Supp. 1983), if our courts could exercise jurisdiction in cases such as this without finding *specific facts* supporting their actions. We have held conclusory recitations by courts of

other states insufficient, and fairness and uniform application of the UCCJA demand the same specificity of our courts. *Davis v. Davis*, 53 N.C. App. 531, 281 S.E. 2d 411 (1981) (California order insufficient to exercise jurisdiction); *see also Williams v. Richardson*, 53 N.C. App. 663, 281 S.E. 2d 777 (1981), *disc. rev. denied*, 304 N.C. 733, 288 S.E. 2d 382 (1982) (remanding for specific findings).

V

The trial court thus erred in concluding it had authority to exercise its jurisdiction. *Bryan v. Bryan.* Because of the other major procedural defects in the case, it would be pointless to remand for the purpose of making specific findings of fact. The order granting defendant custody is therefore

Vacated.

Judge JOHNSON concurs in the result.

Judge WELLS dissents.

Judge JOHNSON concurring in the result.

I, too, believe the Order granting defendant custody should be vacated, but for a different reason than stated by Judge Becton. In my view, no proper pleading was filed to enable the Wake County court to consider the custody issue. The wife did not file a Complaint; rather, she filed, as her initial pleading, a "Motion in the Cause," listing her out-of-state husband as the plaintiff. This, our rules of civil procedure and statutes will not permit. *See* N.C. Gen. Stat. §§ 1A-1, Rule 3 (1983); 50-13.5 (Supp. 1983); 50A-15 (Supp. 1983). Absent minimal compliance with our rules and statutes, as a threshold matter, the jurisdictional questions need not be reached.

Judge WELLS dissenting.

I am of the opinion that this appeal should not be entertained because of its interlocutory nature, it being an appeal from an order of temporary custody wherein the appellant's only valid grounds questions the subject matter jurisdiction of the trial court, which is interlocutory, and does not affect a substantial

right. *See Latch v. Latch*, 63 N.C. App. 498, 305 S.E. 2d 564 (1983). Under the circumstances, I do not agree that we should allow certiorari, and I therefore vote to dismiss the appeal.