IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-6

Filed 20 May 2026

Durham County, No. 22CVS002507-310

UNIVERSAL LIFE INSURANCE
COMPANY, Plaintiff,

v.

GREG E. LINDBERG, Defendant.

Appeal by Defendant from order entered 16 July 2024 by Judge Michael J. O'Foghludha in Durham County Superior Court. Heard in the Court of Appeals 20 May 2025.

*Troutman Pepper Locke LLP, by Christopher G. Browning, Jr. and Robert Kyle Driggers, for Plaintiff-Appellee.*

*Monica Langdon Lee for Defendant-Appellant.*

CARPENTER, Judge.

Greg E. Lindberg ("Defendant") appeals from the trial court's 16 July 2024 order granting the motion for a charging order (the "Charging Order") filed by Universal Life Insurance Company ("ULICO") against Defendant's economic interest in Global Growth Holdings, LLC ("Global"). On appeal, Defendant argues the trial court erred by entering the Charging Order because: (1) Defendant's economic interest in Global cannot be subject to a charging order because the North Carolina Limited Liability Company Act (the "Act") does not contemplate charging orders against foreign LLCs; and (2) the trial court lacked *in rem* or *quasi in rem* jurisdiction

over Defendant's economic interest in Global. For the reasons outlined below, we affirm.

## I.     Factual & Procedural Background

The underlying facts of this case are set forth in a recently filed opinion, and we repeat only the facts material to the instant appeal. *See* COA24-839 *Universal Life Ins. Co. v. Lindberg*, ___ N.C. App. ___, ___ S.E.2d ___ (2026) (unpublished). This appeal concerns a charging order issued against Defendant's economic interest in Global—an entity initially organized as a corporation under Delaware law, which Defendant converted to a limited liability company in December 2023.

Seeking to collect on the MDNC Judgment, ULICO filed a motion for a charging order against Defendant's economic interest in Global on 17 April 2024. In response to ULICO's motion for a charging order and other unrelated post-judgment motions, Defendant submitted a response (the "Omnibus Response") on 30 May 2024. In the Omnibus Response, Defendant argued that the trial court should deny ULICO's motions because: (1) ULICO had not attempted to execute a writ of execution; (2) there was an ongoing appeal of the trial court's previous orders; and (3) the trial court could not charge Defendant's property located outside North Carolina.

The trial court conducted a hearing on 3 June 2024 and granted ULICO's motion for a charging order on 16 July 2024. In the Charging Order, the trial court found that Defendant "owns all of the outstanding membership rights of [Global] as a result of [Defendant's] ownership of all Global Growth Holdings, Inc.'s stock

immediately prior to the conversion." The trial court further concluded it had personal jurisdiction over Defendant and could charge Defendant's economic interest in Global, notwithstanding it being a foreign LLC. Defendant timely filed notice of appeal on 13 August 2024.

## II. Jurisdiction

As an initial matter, we consider whether this Court has jurisdiction to consider Defendant's appeal. ULICO argues the Charging Order is interlocutory because it "contemplates that additional steps will occur in the event that [Defendant] receives distributions from [Global]." On the other hand, Defendant asserts that the Charging Order is immediately appealable because it is a final order "leav[ing] nothing to be determined between the parties."

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995) (citing *Cagle v. Teachy*, 111 N.C. App. 244, 247, 431 S.E.2d 801, 803 (1993)). A final order, however, "leaves nothing further to be done in the trial court." *Campbell v. Campbell*, 237 N.C. App. 1, 3, 764 S.E.2d 630, 632 (2014).

In another previous appeal concerning these same parties, this Court

determined that a separate charging order from which Defendant appealed was interlocutory because it was "subject to change, pending further proceedings by the trial court." *Universal Life Ins. Co. v. Lindberg*, 291 N.C. App. 506, 510, 896 S.E.2d 57, 61 (2023), *writ allowed*, __ N.C. __, 900 S.E.2d 667 (2024), *appeal dismissed and ordered not precedential*, 386 N.C. 339, 901 S.E.2d 777 (2024). We reached this conclusion because the charging order both required further action by Defendant and contemplated future orders. *Id.* at 510, 896 S.E.2d at 61. Despite its interlocutory nature, we held the charging order was immediately appealable under section 7A-27(b)(3)(b) because it effectively " 'determine[d] the action and prevent[ed] a judgment from which an appeal [could] be taken.' " *Id.* at 510, 896 S.E.2d at 61 (quoting N.C. Gen. Stat. § 7A-27(b)(3)(b) (2021)).

Here, the Charging Order does not indicate it is subject to change, contemplate future proceedings, or require further action by Defendant. *See id.* at 510, 896 S.E.2d at 61. Rather, the Charging Order is the result of an ancillary proceeding to implement relief determined in a previous final judgment. Although a charging order does not, in isolation, "determine the entire controversy," the Charging Order in this case necessarily operates as a final order. *See N.C. Dep't of Transp.*, 119 N.C. App. at 733, 460 S.E.2d at 334. Thus, the Charging Order is immediately appealable. *See* N.C. Gen. Stat. § 7A-27(b)(3)(b).

### III. Issues

The issues are whether: (1) the Charging Order was authorized by the Act;

and (2) the trial court lacked personal jurisdiction over Defendant's out-of-state assets.

## IV.  Analysis

### A. Charging Order

First, Defendant asserts that, under the Act, his economic interest in Global could not be subject to a charging order because Global is a foreign LLC. In Defendant's view, the Act only permits charging orders against limited liability companies formed under North Carolina law. Defendant also asserts that, because the Act limits "distributions" to LLCs, the trial court was without authority to charge Defendant's economic interest in Global. We disagree.

We review de novo questions of statutory interpretation. *Armstrong v. N.C. State Bd. of Dental Exam'rs*, 129 N.C. App. 153, 156, 499 S.E.2d 462, 466 (1998) (citations omitted). "When reviewing a matter de novo, this Court 'considers the matter anew and freely substitutes its own judgment' for that of the lower courts." *N.C. Farm Bureau Mut. Ins. Co. v. Herring*, 385 N.C. 419, 422, 894 S.E.2d 709, 712 (2023) (quoting *In re Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

Under the Act, "[t]he entry of a charging order is the exclusive remedy by which a judgment creditor of an interest owner may satisfy the judgment from or with the judgment debtor's ownership interest." N.C. Gen. Stat. § 57D-5-03(d) (2025). Specifically, a judgment creditor may request that the trial court "charge the

*economic interest* of an interest owner with the payment of the unsatisfied amount of the judgment with interest." *Id.* § 57D-5-03(a) (emphasis added). The judgment creditor, however, only can "receive the distributions that otherwise would be paid to the interest owner with respect to the economic interest." *Id.*

An "[e]conomic interest" is "[t]he proprietary interest of an interest owner in the capital, income, losses, credits, and other economic rights and interests of *a limited liability company*, including the right of the owner of the interest to receive distributions from the *limited liability company*." *Id.* § 57D-1-03(10) (2025) (emphases added). A "[l]imited liability company" is an "LLC or foreign LLC." *Id.* § 57D-1-03(17). An "LLC" is "[a]n entity formed under this Chapter," meaning a North Carolina limited liability company. *Id.* § 57D-1-03(19). A "[f]oreign LLC" is:

> An unincorporated entity organized under the law of (i) a state other than this State that is denominated thereunder as a limited liability company or (ii) a foreign jurisdiction other than a state, and the statute under which it is organized is substantially similar to the limited liability company statute of any state and is not more appropriately characterized as a corporation, partnership, or trust.

*Id.* § 57D-1-03(13). Therefore, where personal jurisdiction over an interest owner has been established, a judgment-creditor may charge a judgment-debtor's economic interest in both foreign LLCs and North Carolina LLCs. *See id.* §§ 57D-1-03(10), -1-03(17), -5-03(a), -5-03(d).

Moreover, a "[d]istribution" is "the direct or indirect transfer of money or other property to, *or* incurrence of indebtedness by, an LLC for the benefit of an interest

owner in respect of the interest owner's ownership interest." *Id.* § 57D-1-03(9) (emphasis added). Because the definition of "distribution" under the Act is disjunctive, it presents two alternatives. *See id.* Thus, the first alternative definition of "distribution" is not limited to LLCs because transfers of property for the benefit of an interest owner are not to an LLC but are, instead, "from" an LLC. *See id.* § 57D-3-01(c) (2025). The trial court, therefore, had the authority to issue a charging order against Defendant's economic interest in Global. *See id.* §§ 57D-1-03(9), -5-03(a).

## B. Personal Jurisdiction

Next, Defendant asserts the trial court lacked personal jurisdiction over his out-of-state assets. At bottom, Defendant contends the trial court could not issue the Charging Order because it did not have *in rem* or *quasi in rem* jurisdiction over Global. We disagree.

Although *in rem* jurisdiction and *in personam* jurisdiction are distinct under our statutory scheme, this Court has described *in rem* jurisdiction as "but one type of personal jurisdiction . . . ." *Coastland Corp. v. N.C. Wildlife Res. Comm'n*, 134 N.C. App. 343, 346, 517 S.E.2d 661, 663 (1999). For that reason, a defendant "can waive contested issues of *in rem* jurisdiction." *Ellison v. Ellison*, 242 N.C. App. 386, 390 n.4, 776 S.E.2d 522, 525 n.4 (2015) (citing *Coastland Corp.*, 134 N.C. App. at 346, 517 S.E.2d at 663).

A court may assert personal jurisdiction over a defendant "[w]ho makes a general appearance in an action . . . ." N.C. Gen. Stat. § 1-75.7(1) (2025). "A

defendant makes a general appearance when [he] appears before a court and submits to its adjudicatory power without objecting to its jurisdiction over [him]." *Slattery v. Appy City, LLC*, 385 N.C. 726, 730, 898 S.E.2d 700, 705 (2024) (citing *Lynch v. Lynch*, 302 N.C. 189, 197, 274 S.E.2d 212, 219 (1981)). "[T]he concept of a 'general appearance' . . . should be given a liberal interpretation." *Alexiou v. O.R.I.P., Ltd.*, 36 N.C. App. 246, 248, 243 S.E.2d 412, 414 (1978). "[V]irtually any action other than a motion to dismiss for lack of jurisdiction constitutes a general appearance in a court having subject matter jurisdiction." *Jerson v. Jerson*, 68 N.C. App. 738, 739, 315 S.E.2d 522, 523 (1984).

In our view, so long as personal jurisdiction exists over the interest owner, a trial court may issue a charging order. *See Coastland Corp.*, 134 N.C. App. at 346, 517 S.E.2d at 663. Because a charging order operates as a "lien on the judgment debtor's economic interest[,]" N.C. Gen. Stat. § 57D-5-03(b), it cannot internally regulate a foreign LLC or require the foreign LLC to make distributions, *see id.* § 57D-5-03(a). In other words, a charging order only reaches the personal property of the judgment-debtor, not the property of a foreign LLC or the foreign LLC itself. *See id.* §§ 57D-5-01, -03(d) (2025). A trial court, therefore, does not need *in rem* or *quasi in rem* jurisdiction over the foreign LLC to issue a charging order.[1] *See Coastland*

---

[1] This is not to say, however, that *in rem* or *quasi in rem* jurisdiction cannot be utilized as an alternative basis for personal jurisdiction in situations where the trial court lacks *in personam* jurisdiction over the judgment-debtor. *See* N.C. Gen. Stat. § 1-75.8(1) (2025) (providing that the trial

*Corp.*, 134 N.C. App. at 346, 517 S.E.2d at 663.

Here, the trial court had personal jurisdiction over Defendant, which meant it could charge Defendant's personal economic interest in Global. *See* N.C. Gen. Stat. § § 1-75.7(1); *Coastland Corp.*, 134 N.C. App. at 346, 517 S.E.2d at 663. Because Defendant contested the issue of *in rem* and *quasi in rem* jurisdiction in the Omnibus Response without disputing the trial court's personal jurisdiction over him, he made a general appearance. *See Jerson*, 68 N.C. App. at 739, 315 S.E.2d at 523. Due to the general appearance, the trial court had personal jurisdiction over Defendant. *See* N.C. Gen. Stat. § 1-75.7(1). With personal jurisdiction over Defendant, the trial court could issue the Charging Order, and it did not need to establish *in rem* or *quasi in rem* jurisdiction over Global. *See Coastland Corp.*, 134 N.C. App. at 346, 517 S.E.2d at 663; N.C. Gen. Stat. §§ 57D-5-01, -03(d).

## IV. Conclusion

Because the Act contemplates issuance of a charging order to foreign and domestic LLCs, the trial court had statutory authority to issue the Charging Order after establishing personal jurisdiction over the interest owner. The trial court was not required to establish *in rem* or *quasi in rem* jurisdiction over Global because charging orders are not directed at foreign LLCs but rather concern the judgment-debtor's personal property. Accordingly, we affirm.

---

court may exercise *in rem* or *quasi in rem* jurisdiction "when the subject of the action is . . . personal property in this State . . . .").

AFFIRMED.

Judges STROUD and WOOD concur.