ROY PHILLIP LYNCH v. JACKIE FOSTER LYNCH

No. 899DC129

(Filed 19 December 1989)

1. **Divorce and Alimony § 26.4 (NCI3d)— child custody— proceeding pending in another state—child living in another state—no jurisdiction in North Carolina**

   The trial court erred in exercising jurisdiction over a child custody matter where there was no dispute that a proceeding was pending in an Indiana court and that the child had lived in Bloomington, Indiana for six years; Indiana was therefore the child's home state; and there was no longer available in this state substantial evidence relevant to the child's present or future care, protection, training, and personal relationships. N.C.G.S. §§ 50A-3(a), 50A-6(a).

   **Am Jur 2d, Divorce and Separation § 964.**

2. **Divorce and Alimony § 26.1 (NCI3d)— Indiana child support order—full faith and credit**

   A child support order issued by an Indiana court was entitled to full faith and credit in this state and was res judicata on the issue of child support.

   **Am Jur 2d, Divorce and Separation § 1130.**

APPEAL by defendant from order of *Judge J. Larry Senter* entered 6 September 1988 in VANCE County District Court. Heard in the Court of Appeals 13 September 1989.

*Bobby W. Rogers for plaintiff appellee.*

*Stainback & Satterwhite, by Paul J. Stainback, for defendant appellant.*

COZORT, Judge.

The question before us is whether the trial court erred in exercising jurisdiction over the parties and the cause for modification of a previous North Carolina order establishing custody and support when there was a pending action in a foreign jurisdiction. We hold that the trial court erred in denying defendant's motion to dismiss for lack of jurisdiction under the Uniform Child Custody

Jurisdiction Act. We further hold that the order issued by the Indiana court was entitled to full faith and credit in this State and was res judicata on the issue of child support.

Plaintiff and defendant were married on 11 July 1971 and had one child, a son, born on 19 February 1976. In 1977, the parties separated and executed a Deed of Separation, registered in Vance County, North Carolina, which provided (as subsequently amended) that defendant would have custody of the parties' child, subject to visitation rights of plaintiff, and that plaintiff would pay child support. On 14 July 1978, the parties received an absolute divorce by order of the District Court of Vance County. On 4 September 1981, the Vance County District Court issued an order establishing visitation and ordering plaintiff to pay child support. Defendant thereafter moved to the State of Indiana, where she has resided with the child since 1981.

On 26 October 1987, defendant filed in Monroe County, Indiana, a Petition to Modify Visitation and Support, and the cause was set for hearing on 3 February 1988. On 25 November 1987, plaintiff filed a motion in the cause in Vance County, North Carolina, requesting that the court increase his visitation privileges and define his support obligations. Plaintiff also filed with the Indiana court a pro se Response to defendant's Petition. In that Response he alleged that the proper place of jurisdiction was North Carolina because of the 4 September 1981 order.

On 9 December 1987, defendant filed with the Vance County District Court a motion to dismiss which alleged that North Carolina did not have jurisdiction over the persons or over the subject matter, as there was a pending action for custody and support in the State of Indiana. That motion was denied.

On 7 January 1988, the Indiana court contacted Judge Ben Allen, then District Court Judge of the 9th Judicial District, with respect to the simultaneous child custody proceedings in their respective jurisdictions. Judge Allen agreed with the Indiana court that Indiana was the appropriate forum for hearing defendant's Petition. However, on 25 January 1988, Judge Allen informed the Indiana court that the North Carolina proceedings were to be before Judge Larry Senter. When contacted by the Indiana court, Judge Senter informed the court that North Carolina would retain jurisdiction. Judge Senter did not stay the North Carolina proceedings.

On 23 February 1988, the Monroe County, Indiana, Superior Court entered an order for reduced visitation and increased child support. When plaintiff's motion came on for hearing before Judge Senter on 22 August 1988, defendant renewed her motion to dismiss for lack of jurisdiction. The trial court denied the motion. Defendant appeals.

North Carolina's Uniform Child Custody Jurisdiction Act provides in pertinent part as follows:

(a) If at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Chapter, a court of this State shall not exercise its jurisdiction under this Chapter, unless the proceeding is stayed by the court of the other state because this State is a more appropriate forum or for other reasons.

(b) Before hearing the petition in a custody proceeding the court shall examine the pleadings and other information supplied by the parties under G.S. 50A-9 and shall consult the child custody registry established under G.S. 50A-16 concerning the pendency of proceedings with respect to the child in other states. If the court has reason to believe that proceedings may be pending in another state it shall direct an inquiry to the state court administrator or other appropriate official of the other state.

(c) If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with G.S. 50A-19 through G.S. 50A-22.

N.C. Gen. Stat. § 50A-6(a) (1989).

The Act further provides that a court shall not modify a custody order of a sister state "unless (1) it appears to the court of this State that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Chapter or has declined to assume jurisdiction to modify the decree and (2) the court of this State has jurisdiction."

N.C. Gen. Stat. § 50A-14 (1989). The purposes of that provision are (1) to recognize that courts that render a custody decree will usually retain continuing jurisdiction to modify that decree, and (2) to achieve greater stability of custody arrangements and avoid forum shopping. *See Davis v. Davis*, 53 N.C. App. 531, 539, 281 S.E.2d 411, 415 (1981) (quoting 9 Uniform Laws Ann. at 154).

A court's jurisdiction under the Act is limited to the conditions set forth in § 50A-3, which includes the following conditions potentially applicable to the facts before us:

(1) This State (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this State because of the child's removal or retention by a person claiming the child's custody or for other reasons, and a parent or person acting as parent continues to live in this State; or

(2) It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and the child's parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence relevant to the child's present or future care, protection, training, and personal relationships . . . .

N.C. Gen. Stat. § 50A-3(a) (1989).

[1] We find that, under the foregoing provisions of the U.C.C.J.A., the trial court erred in exercising its jurisdiction over the custody matter. There is no dispute that a proceeding was pending in the Indiana court and that the child had lived in Bloomington, Indiana, since 1981, a period of six years. Indiana was, therefore, the child's home state. *See* § 50A-2. Under the circumstances, there was no longer available in this State "substantial evidence relevant to the child's present or future care, protection, training, and personal relationships." *See* § 50A-3(a)(2). Therefore, Indiana was exercising jurisdiction in substantial conformity with the U.C.C.J.A., and North Carolina was required to decline jurisdiction over the custody issue.

[2] Whether the trial court properly exercised jurisdiction over the support issue is a question not governed by the U.C.C.J.A. *Morris v. Morris*, 91 N.C. App. 432, 371 S.E.2d 756 (1988). An action for child support is an action *in personam* and is governed

by jurisdictional rules as in actions for the payment of money or the transfer of property. N.C. Gen. Stat. § 50-13.5(c); *Miller v. Kite*, 313 N.C. 474, 329 S.E.2d 663 (1985). As such we are not aware of any jurisdictional rule requiring the trial court to dismiss plaintiff's North Carolina action simply because defendant had filed an action in Indiana. However, when plaintiff's motion came on for hearing before Judge Senter on 22 August 1988, the Indiana court had entered an order on the issue of child support. That order was entitled to full faith and credit in this State as long as plaintiff was not denied due process of law in the Indiana court's assertion of jurisdiction over him. *Ft. Recovery Industries v. Perry*, 57 N.C. App. 354, 291 S.E.2d 329 (1982). Plaintiff contends that the Indiana court lacked jurisdiction over his person and that defendant failed to prove proper service of process. The issue of the validity of Indiana's exercise of jurisdiction over him, however, is governed by Indiana law, and plaintiff has presented no Indiana authority in support of his contentions. *See White v. Graham*, 72 N.C. App. 436, 325 S.E.2d 497 (1985). Also, it appears that plaintiff waived any objection to personal jurisdiction when he filed a Response in the Indiana court objecting to that court's jurisdiction solely on the ground that North Carolina was the more appropriate forum because of this State's previous order of custody and support. *See Killearn Properties, Inc. v. Lambright*, 176 Ind. App. 684, 377 N.E.2d 417 (1978). Therefore, the Indiana judgment was entitled to full faith and credit and was *res judicata* on the issue of child support.

Defendant's motion to dismiss plaintiff's North Carolina action should have been granted. The order below must be

Vacated.

Judges ARNOLD and BECTON concur.