FRANCES RUTH BULLARD, Plaintiff v. ROBERT HOWARD BADER, Defendant

No. 945DC248

(Filed 6 December 1994)

**Appearance § 1 (NCI4th)— submission of relevant information to court—general appearance—lack of personal jurisdiction waived**

By submitting information relevant to the merits of plaintiff's child support case to the court, including financial information and a letter setting forth factors to be considered in setting child support and visitation, defendant made a general appearance prior to his assertions of lack of personal jurisdiction.

**Am Jur 2d, Appearance §§ 5 et seq.**

Appeal by defendant from order entered 18 October 1993 by Judge Shelly Sveda Holt in New Hanover County District Court. Heard in the Court of Appeals 24 October 1994.

*R. Theodore Davis, Jr. for plaintiff-appellee.*

*Rountree & Seagle, L.L.P., by Charles M. Lineberry, Jr., for defendant-appellant.*

LEWIS, Judge.

Defendant appeals from a child support order requiring him to pay monthly child support, child support arrearages, and uninsured

medical expenses, among other things. All of defendant's contentions on appeal concern the court's assertion of personal jurisdiction over him. Plaintiff and defendant dispute whether or not defendant made a general appearance and thereby waived his defense of lack of personal jurisdiction. We find that defendant did make a general appearance, and therefore affirm the trial court's order.

Plaintiff is the natural mother of a minor child born on 4 September 1991 in New Jersey. Defendant, a citizen and resident of New Jersey, is the purported father of the child. The parties were never married to each other. Although paternity has not been established, defendant has not contested that issue. Plaintiff and the child left New Jersey and relocated to North Carolina. They resided in New Hanover County for more than six months before plaintiff instituted the present action. Defendant continues to reside in New Jersey. Defendant points out that he has no connections to North Carolina other than the fact that his child resides here. Defendant owns no real property in this state and has never conducted business in this state.

Plaintiff filed an action in North Carolina against defendant for child custody and child support, among other things, on 19 July 1993. On 22 September 1993, after the court had already entered several orders, plaintiff received the first contact from defendant's attorney in New Jersey. Defendant's attorney sent correspondence including a consent to the continuation of a 19 July 1993 temporary custody order. On 26 September 1993 defendant's attorney wrote to plaintiff's attorney about the pending issues and attached information regarding defendant's income. The package included a letter from defendant's attorney containing arguments on the issues of support and visitation, defendant's 1991 and 1992 tax returns, a balance sheet for defendant's corporation, a child support affidavit, and a certification of wages. Defendant's attorney sent a copy of her correspondence and enclosures to the district court judge.

At a hearing held on 13 October 1993, plaintiff introduced defendant's executed child support affidavit and the employer's certification of wages affidavit into evidence. No one appeared for defendant at the hearing. The court granted plaintiff's request for child support in an order filed 18 October 1993. In its order the court stated that it considered the documents submitted by plaintiff as well as the documents in its file, including the information sent by defendant's attorney.

BULLARD v. BADER

[117 N.C. App. 299 (1994)]

On 12 November 1993 defendant, through his North Carolina attorney, filed a special appearance motion under Rule 60(b) of the North Carolina Rules of Civil Procedure to set aside the court's order for lack of personal jurisdiction over defendant and to dismiss the child support action. Defendant also filed a notice of appeal from the court's October 1993 order granting plaintiff's claims for child support. On 25 January 1994 the court denied defendant's Rule 60(b) motion. Defendant did not appeal this decision. This case is before us on defendant's appeal from the October 1993 child support order on the basis of defendant's assertion of lack of personal jurisdiction.

An action for child support is an action *in personam*. *Lynch v. Lynch*, 96 N.C. App. 601, 604-05, 386 S.E.2d 607, 609 (1989); N.C.G.S. § 50-13.5(c)(1) (Cum. Supp. 1994). According to N.C.G.S. § 1-75.7(1) (1983), a court with proper subject matter jurisdiction may exercise personal jurisdiction over a person who makes a "general appearance" in an action. Because defendant has no significant contacts with North Carolina, the court could have asserted personal jurisdiction only if defendant had made a general appearance in the case.

An appearance constitutes a general appearance if the defendant invokes the judgment of the court on any matter other than the question of personal jurisdiction. *Bumgardner v. Bumgardner*, 113 N.C. App. 314, 318, 438 S.E.2d 471, 474 (1994). The appearance must be for a purpose in the cause, not a collateral purpose. *Williams v. Williams*, 46 N.C. App. 787, 789, 266 S.E.2d 25, 27 (1980). The court will examine whether the defendant asked for or received some relief in the cause, participated in some step taken therein, or somehow became an actor in the cause. *Id.* Our courts have applied a very liberal interpretation to the question of a general appearance and almost anything other than a challenge to personal jurisdiction or a request for an extension of time will be considered a general appearance. *Humprey v. Sinnott*, 84 N.C. App. 263, 265, 352 S.E.2d 443, 445 (1987).

We find that by submitting information relevant to the merits of the case to the court, defendant made a general appearance prior to his assertions of lack of personal jurisdiction. The documents contained financial information relevant to the issue of the establishment of child support, and were accompanied by a letter setting forth other factors to be considered in setting an amount for child support, such as defendant's upcoming expenses. The letter also discussed the issue of visitation. Defendant submitted these documents for a purpose in

HARPER v. ALLSTATE INS. CO.

[117 N.C. App. 302 (1994)]

the cause, and by so doing sought affirmative relief from the court on the issues of child support and visitation. Submission of these documents is inconsistent with defendant's later claim of lack of personal jurisdiction.

By making a general appearance, defendant waived the defense of lack of personal jurisdiction. *See Sims v. Mason's Stores, Inc.*, 285 N.C. 145, 156, 203 S.E.2d 769, 777 (1974). Finding no error with the court's assertion of personal jurisdiction over defendant, we hereby affirm the trial court's October 1993 child support order.

Affirmed.

Chief Judge ARNOLD and Judge COZORT concur.