JENNY WOODS AND BRIAN WOODS, PLAINTIFFS v. BILLY'S AUTOMOTIVE, DEFENDANT

No. COA05-69

(Filed 6 December 2005)

**Corporations— pro se appearance by corporation in small claims court—general appearance—right to challenge improper service waived**

The owner and operator of an incorporated automotive repair business could represent the business pro se in small claims court, but his participation constituted a general appearance

**WOODS v. BILLY'S AUTO.**

[174 N.C. App. 808 (2005)]

which waived his right to challenge his acceptance of service (he was not an officer, director, or managing agent of the corporation). The district court erred by overturning the magistrate's judgment for improper service.

Appeal by Plaintiffs from order entered 6 August 2004, by Judge Albert A. Corbett, Jr., District Court, Harnett County. Heard in the Court of Appeals 20 September 2005.

*Morgan, Reeves & Gilchrist, by Robert B. Morgan for plaintiff-appellants.*

*Bain, Buzzard & McRae, by Edgar R. Bain. No brief filed by defendant-appellee.*

WYNN, Judge.

Under North Carolina law, except in a Small Claims Division action, "a corporation cannot appear and represent itself in proper person or by its officers, but can do so only by an attorney admitted to practice law." *Lexis-Nexis, Div. of Reed Elsevier, Inc. v. Travishan Corp.*, 155 N.C. App. 205, 207-08, 573 S.E.2d 547, 549 (2002) (citation omitted). Here, Plaintiffs appeal an order vacating a magistrate court's judgment because the corporation was not properly served as a corporation. We hold that where a corporation being sued in the Small Claims Division is represented at trial, the corporation has made a general appearance before the court and has waived any right to challenge proper service. We therefore reverse the order of the district court.

Since Defendant Billy's Automotive chose not to file a brief, we must rely on the facts supplied to us by Plaintiffs. This action arose from a dispute regarding the repair of Plaintiffs' automobile that was damaged in a car accident. On 15 June 2004, Plaintiffs filed a complaint in the Harnett County District Court—Small Claims Division against Defendant seeking relief for possession of personal property and monetary damages for loss of use of their automobile. The complaint alleged that Billy's Automotive is a corporation.

On 26 June 2004, summons was served on Defendant by delivering a copy personally to William Gerald Ray, also known as "Billy Ray," at the address of the business. Mr. Ray is the owner and operator of Billy's Automotive. On 30 June 2004, a hearing was held before Magistrate John Todd. Mr. Ray testified and fully participated in the

trial on behalf of Defendant Billy's Automotive. Although Defendant did not file a counterclaim in this action, Defendant claimed orally that Plaintiffs owed approximately Four Thousand Two Hundred Dollars ($4,200.00) for the repairs performed on Plaintiffs' automobile. Neither party was represented by counsel at the trial before the magistrate court.

Magistrate Todd entered judgment on 30 June 2004, ordering Defendant (1) to deliver the automobile to Plaintiffs; and (2) to pay the sum of Three Hundred Twenty-Five Dollars ($325.00) to Plaintiffs for loss of use of their vehicle and Fifty-Five dollars ($55.00) in court costs. Defendant did not appeal the magistrate court's judgment.

On 8 July 2004, Defendant paid to the clerk of court the sum of Three Hundred Eight-Five Dollars and Fifty-Seven cents ($385.57), as payment in full of the judgment and court costs. Although Defendant complied with the monetary judgment, Defendant did not deliver the automobile to Plaintiffs. Thus, on 13 July 2004, Plaintiffs requested that the clerk of court issue a Writ of Possession for Personal Property and that it be served on Defendant.

On 20 July 2004, Plaintiffs filed a Motion for Reissue of the Writ of Possession. On that same day, Magistrate Todd filed a Motion to Set Aside Magistrate Civil Judgment in the district court, claiming lack of jurisdiction and incomplete judgment. Magistrate Todd contended that the small claims court did not have jurisdiction to hear the case because the value of the property to be recovered was greater than Four Thousand Dollars ($4,000.00). Magistrate Todd also contended that the written judgment rendered was incomplete in that the portion where Plaintiffs were to pay Defendant for the cost of repairs was not included in the written judgment.

On 21 July 2004, Mr. Ray, through counsel, filed a separate motion under Rule 60 of the North Carolina Rules of Civil Procedure to set aside the magistrate court's judgment for improper service. Mr. Ray alleged in his motion that the judgment should be set aside because "[n]o legal entity is named as Defendant in the lawsuit[,]" and "[t]he pleadings and judgment entered in this case do not identify the Defendant as being an individual trading as Billy's Automotive, or as a partnership, or as a corporation, or as a limited liability company."

On 26 July 2004, a hearing was held in the district court on both Rule 60 motions. District Court Judge Albert Corbett, Jr., entered an order on 6 August 2004, setting aside the magistrate court's judgment for lack of proper service on Defendant. The district court found that

**WOODS v. BILLY'S AUTO.**

[174 N.C. App. 808 (2005)]

the complaint was served on Defendant as a corporation, but that service upon Defendant did not comply with Rule 4 of the North Carolina Rules of Civil Procedure in that it "was not delivered to an officer, director of managing agent of the corporation or no copies left in the office of such officer, director or managing agent of the office." The district court reserved ruling on Magistrate Todd's motion to set the judgment aside on the basis of lack of subject matter jurisdiction and incomplete judgment pending further proceedings.

On appeal, Plaintiffs contend that the district court committed reversible error in (1) finding that proper service had not been had against Defendant; and (2) holding Magistrate Todd's Rule 60 motion in abeyance pending further proceedings.

North Carolina Rule of Civil Procedure 60(b)(4) allows a trial court to grant relief from a judgment that is void. N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (2004). The granting of a Rule 60(b) motion is within the trial court's sound discretion and is reviewable only for abuse of discretion. *Gentry v. Hill*, 57 N.C. App. 151, 154, 290 S.E.2d 777, 779 (1982). Abuse of discretion is shown only when the challenged actions are manifestly unsupported by reason. *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980) (citation omitted). "If there is 'competent evidence of record on both sides' of the Rule 60(b) motion, it is the duty of the trial court to evaluate such evidence, and the trial court's findings supported by competent evidence are conclusive on appeal." *Blankenship v. Town & Country Ford, Inc.*, 155 N.C. App. 161, 165, 574 S.E.2d 132, 134-35 (2002) (citation omitted), *disc. review denied*, 357 N.C. 61, 579 S.E.2d 384 (2003).

Here, the district court concluded that "[t]he summons does not show that Billy Ray, Jr. was an officer, director or managing agent of the corporation, or that the summons was left in the office of such officer, director or managing agent with the person who is apparently in charge of the office." Therefore, "the summon[s] as served is not legal service and the judgment herein entered by Magistrate Todd should be set aside."

Rule 4(j)(6)(a) of the North Carolina Rules of Civil Procedure provides that service upon a domestic corporation may be accomplished:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or

managing agent with the person who is apparently in charge of the office.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(a) (2004). For a court to render a valid judgment against a defendant, it is essential that jurisdiction of the party has been obtained by the court in some way allowed by law. *See Guerin v. Guerin*, 208 N.C. 457, 458, 181 S.E. 274, 274 (1935) ("Jurisdiction of the party, obtained by the court in some way allowed by law, is essential to enable the court to give a valid judgment against him."); *see also Carolina Plywood Distribs., Inc. v. McAndrews*, 270 N.C. 91, 153 S.E.2d 770 (1967). "When a court of general jurisdiction undertakes to grant a judgment in an action where it has not acquired jurisdiction of the parties by voluntary appearance or the service of process the judgment is absolutely void and has no effect." *Monroe v. Niven*, 221 N.C. 362, 364, 20 S.E.2d 311, 312 (1942).

In the case *sub judice*, the complaint states that the defendant is named "Billy's Automotive," and that Defendant is a corporation. Thus, service on Billy's Automotive must comply with North Carolina Rule of Civil Procedure 4(j)(6). Summons was issued to Billy's Automotive and served by delivering a copy to Mr. Ray on 26 June 2004. However, Mr. Ray is not an officer, director or managing agent of Billy's Automotive. Thus, under the requirements for service of a domestic corporation under North Carolina Rule of Civil Procedure 4(j)(6), Mr. Ray cannot accept service on behalf of Billy's Automotive. We therefore find that Defendant was not properly served.

Plaintiffs contend, however, that Defendant waived any challenges to service of process because Mr. Ray actively represented Defendant at trial and Defendant subsequently paid the ordered judgment. Although "[t]he prevailing rule is that a corporation cannot appear and represent itself either in proper person or by its officers, but can do so only by an attorney admitted to practice law[,]" *Lexis-Nexis, Div. of Reed Elsevier*, 155 N.C. App. at 207, 573 S.E.2d at 549 (citation omitted), this Court has recognized an exception for a corporation representing itself *pro se* in the Small Claims Division. *Id.* at 208, 573 S.E.2d at 549. " '[I]n enacting our small claims court system . . . the General Assembly apparently intended to provide our citizens, corporate, as well as individual, with an expedient, inexpensive, speedy forum in which they can process litigation involving small sums without obtaining a lawyer.' " *Id.* (quoting *Duke Power Co. v. Daniels*, 86 N.C. App. 469, 472, 358 S.E.2d 87, 89 (1987)). Therefore, Mr. Ray could represent Billy's Automotive in the Small Claims Division without obtaining an attorney. The threshold ques-

WOODS v. BILLY'S AUTO.

[174 N.C. App. 808 (2005)]

tion is whether Defendant made a general appearance before the court and waived any challenges to service of process by actively participating in trial and paying the ordered judgment. We find that it did.

North Carolina General Statute section 1-75.7(1) provides:

A court of this State having jurisdiction of the subject matter may, without serving summons upon him, exercise jurisdiction in an action over a person:

> (1) Who makes a general appearance in an action; provided that obtaining an extension of time within which to answer or otherwise plead shall not be considered a general appearance[.]

N.C. Gen. Stat. § 1-75.7(1) (2004). Section 1-75.2(3) defines the term "defendant" as "the person named as a defendant in a civil action." N.C. Gen. Stat. § 1-75.2(3) (2004). The term "person" is defined as "any natural person, partnership, corporation, body politic, and any unincorporated association, organization or society which may sue or be sued under a common name." N.C. Gen. Stat. § 1-75.2(1).

Courts have interpreted the concept of "general appearance" liberally. Our Supreme Court discussed the application of section 1-75.7 and the concept of "general appearance" in North Carolina law in *Simms v. Mason's Stores, Inc.*, 285 N.C. 145, 203 S.E.2d 769 (1974). In *Simms*, the Court made clear that if a party "invoked the judgment of the court for any other purpose [than contesting service of process] he made a general appearance and by so doing he submitted himself to the jurisdiction of the court whether he intended to do so or not." *Id.* at 151, 203 S.E.2d at 773; *see also Vestal v. Moseley Vending Mach. Exch., Inc.*, 219 N.C. 468, 14 S.E.2d 427 (1941) (a corporate defendant's appearance and filing of a demurrer constituted a general appearance); *Alexiou v. O. R. I. P., Ltd.*, 36 N.C. App. 246, 248, 243 S.E.2d 412, 414 (1978) (defendant made a general appearance where he gave notice of appeal of magistrate court's judgment). In short, "[a]n appearance for any purpose other than to question the jurisdiction of the court is general[.]" *Dailey Motor Co. v. Reaves*, 184 N.C. 260, 264, 114 S.E. 175, 177 (1922) (citation omitted).

Here, the evidence shows that Mr. Ray received the summons by service of a county sheriff, addressed to Billy's Automotive, with the company's name, "Billy's Automotive," appearing on the complaint contained therein. Pursuant to the summons, Mr. Ray, the owner and operator of "Billy's Automotive," attended the magistrate court pro-

ceedings and fully participated on Defendant's behalf. In doing so, Defendant made a general appearance and thus waived its right to challenge proper service of process. Accordingly, we reverse the trial court's vacation of the magistrate's judgment.

Reversed and remanded.

Judges CALABRIA and LEVINSON concur.