CURTIS DEAN DRIGGERS, JR., Plaintiff
v.
PATTIE FISHER DRIGGERS, Defendant
No. COA06-1038
Court of Appeals of North Carolina.
Filed August 21, 2007
This case not for publication
Baucom, Pickett & Lewis, by John M. Lewis, for plaintiff-appellee.
Ferguson, Scarbrough & Hayes, P.A., by Edwin H. Ferguson, Jr., for defendant-appellant.
CALABRIA, Judge.
Pattie Fisher Driggers ("defendant") appeals from a Judgment of Absolute Divorce and from an order denying her motion to set aside the judgment of absolute divorce. We affirm.
The defendant and Curtis Dean Driggers, Jr. ("plaintiff") were married 15 July 1995 and separated 12 July 2003. Issues relating to the parties' child as well as equitable distribution and other issues arising from the marriage were separately filed in Cabarrus County file No. 03 CVD 1771. On 19 August 2004, plaintiff filed a complaint for absolute divorce on the grounds of separation for one year. Plaintiff filed a motion for summary judgment on 4 November 2005 and the motion was heard on 15 November 2005. At the hearing on the motion for summary judgment, the trial court continued the case until 14 December 2005 in order for defendant to be properly served. On 23 November 2005, District Court Judge Michael G. Knox entered a judgment of absolute divorce. Defendant filed a motion to set aside the judgment of absolute divorce on 6 March 2006. Defendant's motion was denied on 21 April 2006. Defendant appeals from the judgment of absolute divorce and the order denying defendant's motion to set aside judgment.
Defendant argues the trial court did not have jurisdiction to enter the judgment of absolute divorce because 1) a summons was not issued within five days of the date the complaint was filed; 2) defendant was not served with a summons or complaint; and 3) defendant did not waive jurisdiction by making a general appearance.
In the judgment of absolute divorce, the trial court made the following finding:
2. That this action was commenced by the filing of a duly verified Complaint and issuance of a Summons by the Office of the Clerk of Superior Court of Cabarrus County on the 19th day of August, 2005.
Defendant did not assign error to this finding, therefore, it is binding on appeal. N.C. R. App. P. 10(a) (2005).
We next determine whether defendant was properly served. Although defendant argues she was not properly served, the determinative issue is whether defendant subjected herself to the jurisdiction of the court by making a general appearance. Generally, "[i]n order for a court to obtain personal jurisdiction over a defendant, a summons must be issued and service of process secured by one of the statutorily specified methods." Draughon v. Harnett County Bd. of Educ., 166 N.C. App. 449, 451, 602 S.E.2d 717, 718 (2004); N.C. Gen. Stat. § 1A-1, Rule 4(j) (2005). Without valid service of process, "a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." Bentley v. Watauga Bldg. Supply, Inc., 145 N.C. App. 460, 462, 549 S.E.2d 924, 925 (2001). However, pursuant to N.C. Gen. Stat. § 1-75.7 (2005), a court may obtain personal jurisdiction over a person "[w]ho makes a general appearance in an action." Id. In this case, the trial court found that defendant was present at the hearing and was represented by counsel. Although defendant assigns error to the trial court's finding, defendant failed to include a transcript or narration of the evidence in the record. "The burden is on an appealing party to show, by presenting a full and complete record, that the record is lacking in evidence to support the [trial court's] findings of fact." Dolbow v. Holland Industrial, Inc., 64 N.C. App. 695, 696, 308 S.E.2d 335, 336 (1983). Because defendant did not include a transcript or narration of the evidence in the record, "we presume the findings at bar are supported by competent evidence." Davis v. Durham Mental Health/Dev. Disabilities/Substance Abuse Area Auth., 165 N.C. App. 100, 112, 598 S.E.2d 237, 245 (2004). Therefore, we hold the trial court properly exercised jurisdiction over this matter. Defendant also contends the trial court erred by finding that defendant stipulated to the entry of the judgment of absolute divorce and by entering the judgment before the end of the thirty-day responsive period. We are unable to review whether defendant stipulated to the entry of the divorce judgment because of defendant's failure to include a transcript in the record. We do note, however, defendant argues in her brief there was no evidence in the court transcript to support the trial court's finding that defendant stipulated to the entry of absolute divorce. We believe this statement by defendant indicates that there was a transcript of the proceedings. Defendant's failure to include a copy in the record precludes our ability to review this assignment of error. Without a transcript of the proceedings or a summation of the evidence, we are left with only the ability to speculate regarding whether the trial court's findings were supported by competent evidence. In addition, we are unable to fully review defendant's assignments of error. This assignment of error is overruled.
Defendant next argues the trial court erred by denying her motion to set aside the judgment of absolute divorce. Specifically, defendant argues the trial court abused its discretion by denying her motion. We disagree.
The standard of review for a motion to set aside a judgment is whether the trial court abused its discretion. "Abuse of discretion is shown only when the challenged actions are manifestly unsupported by reason." Woods v. Billy's Automotive, 174 N.C. App. 808, 811, 622 S.E.2d 193, 196 (2005). In reviewing this assignment of error, we are limited to the evidence presented in the record on appeal. As noted previously, because of defendant's failure to include a copy of the transcript in the record, our review is limited and we must presume that the trial court's findings were supported by competent evidence. A review of the trial court's findings does not indicate that its denial of defendant's motion to set aside the judgment of absolute divorce was "manifestly unsupported by reason." Therefore, this assignment of error is overruled.
In conclusion, the trial court properly entered a judgment of absolute divorce and the trial court's order denying defendant's motion to set aside the judgment of absolute divorce is affirmed. Affirmed.
Judges McGEE and STEPHENS concur.
Report per Rule 30(e).