DAVIS, Judge.
 

 *241
 
 In this case, we consider the circumstances under which a defendant is estopped from asserting the defense of insufficiency of service of
 
 *242
 
 process. Plaintiff Tillie Stewart appeals from the trial court's dismissal of her complaint against defendants Dr. James R. Shipley and Instride Mt. Airy Foot and Ankle Specialists, PLLC (collectively the "Shipley Defendants"). In her appeal, she argues that principles of estoppel serve to bar the Shipley Defendants from asserting that they were not properly served with process in this lawsuit. After a thorough review of the record and applicable law, we affirm.
 

 Factual and Procedural Background
 

 On 19 November 2012, Stewart began treatment for plantar fasciitis pain in her left foot with Dr. Shipley at Mt. Airy Foot and Ankle Center in Mount Airy, North Carolina. After three months of treatment, Dr. Shipley recommended that Stewart undergo surgery on her left foot to alleviate her pain. The operation took place on 19 February 2013 at Northern Hospital of Surry County ("Northern"). Although Stewart had consented to surgery only on her left foot, Dr. Shipley first operated on her right foot and then repeated the procedure on her left foot. As a result, Stewart subsequently experienced significant pain in both feet.
 

 Stewart filed a complaint in Surry County Superior Court on 18 February 2016 alleging claims of medical malpractice and battery against Dr. Shipley, Instride Mt. Airy Foot and Ankle Specialists, PLLC ("Instride"), and Northern. Summonses for all of the defendants were issued that same day.
 

 On 29 February 2016, counsel for Stewart sent an email to Courtney Witt, a claims specialist for the Shipley Defendants' insurer, containing the complaint and summonses as attachments. In the email, Stewart's counsel inquired whether the Shipley Defendants would "accept service or if [Witt could] forward this to [the Shipley Defendants'] attorney." Witt responded that same day, stating that Stewart would "have to serve the insured" as the insurance company would "not be accepting service."
 

 The Shipley Defendants filed a motion for an extension of time in which to respond to Stewart's complaint on 9 March 2016, which stated that the complaint had been "allegedly served on or about February 19, 2016." On 10 March 2016, a private process server delivered a summons and complaint to the registered agent for Instride. Instride subsequently filed an amended motion for extension of time on 31 March 2016, which the trial court granted that same day. In this motion, Instride stated that Stewart's complaint was "allegedly served on or about March 10 2016." A private process server delivered a summons and complaint to Dr. Shipley on 7 April 2016.
 

 *243
 
 On 10 May 2016, the Shipley Defendants filed an answer asserting a number of defenses, including lack of personal jurisdiction and insufficiency of service of process pursuant to Rules 12(b)(2) and (5) of the North Carolina Rules of Civil Procedure. The Shipley Defendants also submitted affidavits from Kevin McDonald, the president of Instride, and Dr. Shipley. In their respective affidavits, McDonald and Dr. Shipley each stated that they had been handed a copy of the
 
 *686
 
 complaint with no accompanying summons by persons who did not identify their status or position.
 

 On 25 August 2016, the Shipley Defendants filed a motion to dismiss the claims against them for failure to state a claim upon which relief may be granted under Rule 12(b)(6), lack of personal jurisdiction based on Rule 12(b)(2), and insufficiency of service of process pursuant to Rule 12(b)(5). A hearing on the Shipley Defendants' motion was held before the Honorable Eric C. Morgan on 14 November 2016. On 19 December 2016, the trial court issued an order granting the motion to dismiss based on improper service. The court determined that Stewart "did not attempt to have [the Shipley Defendants] served by the sheriff, and that the clerk of Surry County has not appointed plaintiff's process servers and, consequently, plaintiff's attempted service by private process servers is invalid under Rule 4[.]" Stewart gave timely notice of appeal to this Court.
 
 [1]
 

 Analysis
 

 "We review
 
 de novo
 
 questions of law implicated by the denial of a motion to dismiss for insufficiency of service of process. The trial court's factual determinations are binding on this court if supported by competent evidence."
 
 New Hanover Cty. Child Support Enf't ex rel. Beatty v. Greenfield
 
 ,
 
 219 N.C. App. 531
 
 , 533,
 
 723 S.E.2d 790
 
 , 792 (2012) (internal citations omitted).
 

 At the outset, it is important to note that Stewart does not claim that the trial court erred in holding her attempted service of process on the Shipley Defendants was invalid. Nor could such an argument be properly made under these circumstances.
 

 This Court has stated the following regarding the use of private process servers:
 

 *244
 
 Service must generally be carried out by the sheriff of the county where service is to occur. While the clerk of the issuing court may appoint an alternative person to carry out service, that clerk is not required or authorized to appoint a private process server as long as the sheriff is not careless in executing process.
 

 B. Kelley Enters., Inc. v. Vitacost.com, Inc.
 
 ,
 
 211 N.C. App. 592
 
 , 598,
 
 710 S.E.2d 334
 
 , 339 (2011) (citation, brackets, and quotation marks omitted). We have also made clear that a defendant's actual notice of a lawsuit's existence is not by itself sufficient to confer personal jurisdiction over the defendant absent proper service of process.
 

 While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party. Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed.
 

 Thomas & Howard Co. v. Trimark Catastrophe Servs., Inc.
 
 ,
 
 151 N.C. App. 88
 
 , 91,
 
 564 S.E.2d 569
 
 , 572 (2002) (internal citations and quotation marks omitted).
 

 Stewart does not contend that she attempted to have the Shipley Defendants served by the sheriff or that the Surry County Clerk of Court appointed the private process servers who attempted to serve them. Instead, she asserts that even though she failed to properly serve them, they should be estopped from asserting insufficiency of service of process as a defense because (1) they filed motions for extension of time that appeared to acknowledge the fact that they had been served; and (2) upon receiving the Shipley Defendants' answer, Stewart had only one week in which to obtain extensions on their summonses. Therefore, the only issue before us in the present appeal is whether the Shipley Defendants are estopped from asserting that they were never properly served with process.
 

 Initially, the Shipley Defendants argue that Stewart failed to properly preserve this argument for appeal because she did not raise the estoppel issue in the trial court. The North Carolina Rules of Appellate Procedure
 
 *687
 
 provide that "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(a)(1).
 
 *245
 
 Stewart admits that she did not specifically reference the estoppel doctrine before the trial court. However, she asserts that because "contentions regarding the Shipley Defendants' knowledge of the lawsuit and subsequent filings regarding service" are "[r]ife in the pleadings and hearing transcript surrounding the motion to dismiss," her intent to make an argument grounded in estoppel was apparent. She specifically cites to the portion of the hearing transcript in which her counsel stated the following:
 

 On March 7, the Shipley Defendants filed a Motion for Extension of Time to respond to the Plaintiff's Complaint, stating that the Complaint was ... "allegedly served on or about February 19, 2016."
 

 To my way of thinking, the fact that they filed a Motion for Extension of Time to respond to the Complaint is pretty darn good evidence that they knew they had been sued. You don't file a motion for an extension of time if you don't know you've been sued.
 

 Based on our careful review of the record, we are unable to agree that Stewart actually made an estoppel argument in the trial court. While Stewart's counsel relied upon the Shipley Defendants' filing of motions for extension of time in arguing that they knew of the lawsuit's existence, her attorney did not go on to further argue that the language contained in these motions led Stewart to rely to her detriment on the belief that the Shipley Defendants would not be contesting the adequacy of service.
 
 See
 

 Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.
 
 ,
 
 362 N.C. 191
 
 , 195-96,
 
 657 S.E.2d 361
 
 , 364 (2008) ("[A] party's failure to properly preserve an issue for appellate review ordinarily justifies the appellate court's refusal to consider the issue on appeal." (citations omitted)).
 

 However, even had Stewart properly preserved the issue for appeal, we conclude that her argument would still lack merit. In arguing that the Shipley Defendants are estopped, Stewart relies primarily upon our decision in
 
 Storey v. Hailey
 
 ,
 
 114 N.C. App. 173
 
 ,
 
 441 S.E.2d 602
 
 (1994). In
 
 Storey
 
 , the plaintiff brought an action against the defendant seeking compensation for services rendered. The defendant was not a resident of North Carolina and had appointed Thomas Wellman, an attorney, as his process agent in North Carolina. A deputy sheriff attempted to effect service by leaving a copy of the summons and complaint with Wellman's law partner at his office.
 
 Id.
 
 at 175,
 
 441 S.E.2d at 603-604
 
 .
 

 Wellman subsequently entered an appearance as counsel for the defendant and filed a motion requesting an extension of time in which
 
 *246
 
 to respond to Storey's complaint, which was granted.
 

 Id.
 

 Two additional extensions of time were obtained through stipulation of counsel, amounting to a total delay of "54 days past the date when [Storey] could have procured endorsement of the original summons or issuance of an alias and pluries summons[.]"
 
 Id.
 
 at 175, 177,
 
 441 S.E.2d at 604, 605
 
 . At the end of this extended response period, the defendant obtained new counsel, who filed a motion to dismiss based, in part, on insufficiency of service of process, lack of personal jurisdiction, and the expiration of the statute of limitations. The trial court granted the motion.
 
 Id.
 
 at 175-76,
 
 441 S.E.2d at 604
 
 .
 

 On appeal, the plaintiff argued "that she was lured into a false sense of security in that defendant's initial trial counsel ... manifestly [led] Plaintiff's trial counsel to believe that there would be no need to continue further process[.]"
 
 Id.
 
 at 176,
 
 441 S.E.2d at 604
 
 . This Court agreed.
 

 [The] plaintiff was deprived of any opportunity to cure any defects in the process or in the service of process, because defendant's counsel led plaintiff's counsel to believe it was unnecessary to continue further process. Defendant, absent the additional extension of time stipulated to by plaintiff's counsel, would have been subject to entry of default following the expiration of the second extension.... The defendant's conduct in securing extensions of
 
 *688
 
 time, through opposing counsel's professional courtesy, to 54 days past the date when plaintiff could have procured endorsement of the original summons or issuance of an alias and pluries summons, acts to estop defendant from asserting these defenses.
 

 Id.
 
 at 177,
 
 441 S.E.2d at 605
 
 .
 

 We distinguished
 
 Storey
 
 in
 
 Washington v. Cline
 
 ,
 
 233 N.C. App. 412
 
 ,
 
 761 S.E.2d 650
 
 (2014). In
 
 Washington
 
 , the plaintiffs brought suit against twelve defendants. The plaintiffs failed to properly serve nine of the twelve defendants, although each defendant received actual notice of the suit. The nine defendants received extensions of time to file a responsive pleading from the trial court and subsequently filed motions to dismiss based on the defense of insufficiency of service of process, which the trial court granted.
 
 Id.
 
 at 413-15,
 
 761 S.E.2d at 652-53
 
 .
 

 The plaintiffs appealed the dismissal of the nine defendants to this Court, arguing, in part, that they were estopped from raising the issue of insufficiency of service of process based on
 
 Storey
 
 . We rejected this argument, stating as follows:
 

 *247
 
 Here, although defendants did receive extensions of time from the trial court, they explicitly stated that the reason for the extensions was to "determine whether any Rule 12 or other defenses [were] appropriate." Defendants-appellees' ... motion to dismiss for insufficient service of process w[as] entered pursuant to Rule 12(b)(5). Therefore, plaintiffs had notice that such motions could be filed. Furthermore, defendants-appellees in fact served plaintiffs with their answer containing the defenses ... four days before the last day in which plaintiffs could have obtained extensions of the summonses. It is evident that plaintiffs had actual notice of the defenses.... Therefore, because defendants were not responsible for plaintiffs' failure to extend the life of the summonses, we find that
 
 Storey
 
 is inapposite and defendants are not estopped from asserting the defense of insufficient service of process.
 

 Id.
 
 at 418,
 
 761 S.E.2d at 654-55
 
 .
 

 In the present case, we are of the view that Stewart has failed to demonstrate the applicability of the estoppel doctrine. First, while the Shipley Defendants did move for extensions of time, their original motion stated that the purpose of the extension was "to respond to plaintiff's complaint, which was
 
 allegedly served
 
 on or about February 19, 2016." (Emphasis added.) Similarly, Instride's amended motion recited that Stewart's complaint "was
 
 allegedly served
 
 on or about March 10, 2016." (Emphasis added.) Thus, the Shipley Defendants' motions did not actually concede that the attempted service had been valid, and they served to put Stewart on notice of a possible defect with regard to service of process.
 

 Second, in
 
 Storey
 
 the defendant asserted insufficiency of service as a defense almost two months after the expiration of the plaintiff's deadline for extending the summons. Here, conversely, Stewart concedes that there was a period of seven days between the date she received the Shipley Defendants' answer expressly asserting the defense and the last date on which she could have extended the summonses.
 
 [2]
 

 Thus, we are unable to agree with Stewart that the estoppel doctrine applies under these circumstances. Accordingly, even had she
 
 *248
 
 properly preserved this argument for appeal, we would nevertheless be compelled to affirm the trial court's dismissal of her claims against the Shipley Defendants.
 

 Conclusion
 

 For the reasons stated above, we affirm the trial court's 19 December 2016 order.
 

 AFFIRMED.
 

 Judges BRYANT and INMAN concur.
 

 [1]
 

 This case is before us for a second time. In
 
 Stewart v. Shipley
 
 ,
 
 805 S.E.2d 545
 
 , 2017 N.C. App. LEXIS 859 (2017) (unpublished), we dismissed Stewart's initial appeal as interlocutory.
 
 Id.
 
 at *3, 2017 N.C. App. LEXIS 859 at *7. On 26 March 2018, Stewart voluntarily dismissed Northern as a defendant, thereby rendering the trial court's 19 December 2016 order a final judgment. Stewart then filed a new notice of appeal from which the current appeal arises.
 

 [2]
 

 We note that the record reveals service efforts on behalf of Stewart continued even beyond the date of the second motion for extension of time. According to the affidavit of a private process server retained by Stewart, copies of the summons and complaint were delivered to Dr. Shipley on 7 April 2016.