IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-549

No. COA21-607

Filed 16 August 2022

Alamance County, No. 19 CVS 2686

GARY W. BLAYLOCK, Plaintiff,

v.

AKG NORTH AMERICA, Defendant.

Appeal by Plaintiff from order entered 11 December 2020 by Judge John M. Dunlow in Alamance County Superior Court. Heard in the Court of Appeals 22 March 2022.

*Gary Blaylock, Plaintiff-Appellant, pro se.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Zebulon D. Anderson and David R. Ortiz, for Defendant-Appellee.*

JACKSON, Judge.

¶ 1     Plaintiff, Gary Blaylock, appeals from an order granting Defendant AKG North America, Inc.'s motions to dismiss under North Carolina Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). After careful review, we affirm.

## I.    Background

¶ 2     Gary Blaylock ("Plaintiff") was hired by AKG North America ("Defendant") in 2017. Plaintiff alleges that Defendant fired him for repeatedly complaining about the "sexual harassment, hostile work environment, and absence of Supervisors [sic]

attempt to resolve the issues."

On 18 December 2019, Plaintiff filed his original complaint in Alamance County Superior Court and the summons was issued that day. On 23 December 2019, Plaintiff's attempt to serve Defendant failed when the Alamance County Sheriff returned the summons, noting that Defendant had not been served because "[t]he address given is in Orange Co[unty]." Thereafter, in the nearly 12 months this case was pending, Plaintiff never properly served Defendant. On 17 January 2020, Defendant removed the action to the Middle District of North Carolina based on federal claims alleged in Plaintiff's complaint, filing notices of removal in both the state and federal courts. In the notice of removal before the federal court, Defendant raised, *inter alia*, that Plaintiff had not effected service of process.

After removal, on 7 February 2020, Defendant sought an extension of time to answer or otherwise respond to the Complaint, explaining that it had not been served by Plaintiff. Plaintiff, however, filed a motion to remand the action back to state court. Defendant sought a second extension of time on 5 March 2020, again explaining that it had not yet been served by Plaintiff. Thereafter, Defendant filed a brief in opposition to Plaintiff's motion to remand, arguing that removal was proper for the reasons stated in its notice of removal, namely the federal claims in Plaintiff's complaint. However, in a hearing before the federal court, Plaintiff "disavow[ed] any reliance whatsoever on federal law in his Complaint," and the motion to remand was

granted.

¶ 5        On 5 August 2020, Plaintiff mailed the complaint and summons to Defendant's litigation counsel, and the complaint was received by counsel on 10 August 2020. However, on 7 August 2020, Defendant had filed a motion to dismiss the original complaint under Rule 12(b). In response to this motion, Plaintiff amended his complaint on 12 August 2020. Defendant's litigation counsel received this amended complaint at some point between 12 August and 18 August 2020.[1] On 8 September 2020, Defendant filed a motion to dismiss the amended complaint on the same Rule 12(b) grounds.

¶ 6        On 8 December 2020, a hearing was conducted on Defendant's motion to dismiss. Plaintiff filed a motion to amend his complaint again that same morning, but the trial court informed Plaintiff that the motion was not properly before the court. Defendant's counsel told the trial court that Plaintiff was on notice of the defective service because Defendant raised the absence of service in its filings, including in both motions for extension of time and the notice of removal in federal court, and "at all times we've made it clear to Mr. Blaylock and the Court . . . that there hasn't been service[.]" After hearing from both parties, on 11 December 2020,

---

[1] The certificate of service in the amended complaint indicates it was served by hand on 12 August, but Defendant alleges that its litigation counsel received the amended complaint by email on 17 August and by certified mail on 18 August 2020.

the trial court granted Defendant's motion to dismiss under Rules 12(b)(2), 12(b)(4), and 12(b)(5), and under 12(b)(6) as an "additional and independent basis for dismissal[.]"

¶ 7     Plaintiff appealed to this Court on 16 April 2021.

## II.     Jurisdiction

¶ 8     We must first address whether we have jurisdiction to hear this appeal. Although Plaintiff's notice of appeal was filed greater than four months after the trial court's order was entered, which ordinarily would be untimely under North Carolina Rule of Appellate Procedure 3(c), the record on appeal does not indicate the date the order was served or contain a certificate of service.

¶ 9     It is true that "[t]he appellant has the burden to see that all necessary papers are before the appellate court." *Ribble v. Ribble*, 180 N.C. App. 341, 342, 637 S.E.2d 239, 240 (2006) (internal quotation and citation omitted).  However, in similar circumstances, we have held that "where there is no certificate of service in the record showing *when* appellant was served with the trial court judgment, *appellee* must show that appellant received actual notice of the judgment more than thirty days before filing notice of appeal in order to warrant dismissal of the appeal." *In re Duvall*, 268 N.C. App. 14, 17, 834 S.E.2d 177, 180 (2019) (internal marks and citation omitted).  Therefore, "unless the appellee argues that the appeal is untimely, and offers proof of actual notice, we may not dismiss." *Id.* (internal quotation and citation

omitted). Here, Defendant-Appellee fails to argue the appeal is untimely or offer proof of actual notice. In fact, Defendant concedes that "Plaintiff timely appealed." Therefore, Defendant has waived Plaintiff's failure to include proof of service in the record, and this appeal is properly before us.

## III. Discussion

Plaintiff argues that the trial court erred by (1) dismissing his claims for lack of personal jurisdiction, (2) dismissing his claims for failure to state a claim, (3) ruling on the merits of his claims after finding no personal jurisdiction, (4) dismissing his complaint without considering lesser remedies, and (5) not allowing him to amend his complaint a second time. Because we hold that the trial court properly concluded that it did not have personal jurisdiction over Defendant and was required to dismiss the action, we need not address Defendant's other arguments.

## A. Standard of Review

"This Court reviews questions of law implicated by a motion to dismiss for insufficiency of service of process *de novo*." *Patton v. Vogel*, 267 N.C. App. 254, 256, 833 S.E.2d 198, 201 (2019) (cleaned up). "On a motion to dismiss for insufficiency of process where the trial court enters an order without making findings of fact, our review is limited to determining whether, as a matter of law, the manner of service of process was correct." *Id.* at 257, 833 S.E.2d at 201 (internal quotation and citation omitted).

**B. Dismissal for Lack of Personal Jurisdiction**

¶ 12    Plaintiff first argues that the trial court erred by dismissing his claims for lack of personal jurisdiction because personal jurisdiction was present and this argument was waived by Defendant.  We disagree.

¶ 13    "Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed."  *Stewart v. Shipley*, 264 N.C. App. 241, 244, 825 S.E.2d 684, 686 (2019) (internal quotation and citation omitted). The methods for proper service of process are established by Rule 4 of the North Carolina Rules of Civil Procedure.  N.C. Gen. Stat. § 1A-1, R. 4 (2021).  A corporation may be served by mail or delivery to an officer, director, managing agent, or authorized service agent.  *Id*. § 1A-1, R. 4(j)(6).  Rule 4 must be "strictly enforced[,]" *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996), and "actual notice" cannot cure insufficient service of process, *Shipley*, 264 N.C. App. at 244, 825 S.E.2d at 686 ("While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party.") (internal quotation and citation omitted)).

¶ 14    Plaintiff repeatedly admits that Defendant was not timely served in his brief.[2]

---

[2] Plaintiff's brief contains the following: "AKG NORTH AMERICA . . . was not served[;]" "Defendant, AKG, had not been served[;]" and "[t]here is no indication that the Defendant was at any point brought into the action through service of process prior to

Plaintiff takes the position that Defendant, who was unserved and therefore not required to respond to the suit, waived this jurisdictional argument by appearing and filing motions in court. Specifically, Plaintiff argues that because Defendant (1) removed the case to federal court and (2) "sought and was granted two extensions of time, there must be a submission to the jurisdiction of the court in order for the court to grant any motion filed by the unserved Defendant[.]" We disagree with Plaintiff's position that that the filing of *any* motion or notice in court constitutes a waiver of service of process and consent to the court's jurisdiction.

Our General Statutes provide:

> A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person:
>
> (1)     Who makes a general appearance in an action; provided, that obtaining an extension of time within which to answer or otherwise plead shall not be considered a general appearance[.]

N.C. Gen. Stat. § 1-75.7(1) (2021). Therefore, if a defendant makes a "general appearance," the trial court has personal jurisdiction, even if service of process was defective. *Alexiou v. O.R.I.P., Ltd.*, 36 N.C. App. 246, 247, 243 S.E.2d 412, 413, *cert. denied*, 295 N.C. 465, 246 S.E.2d 215 (1978). Here, as an initial matter and

---

removal; instead, it appears that the Defendant learned of its possible involvement through other means."

notwithstanding the fact that the motions were filed in federal court, Plaintiff's argument that filing for extensions of time constitutes a general appearance is expressly contradicted by the statute. Therefore, whether Defendant's removal of the case to federal court constituted a general appearance is primarily at issue.

¶ 16    Our "[c]ourts have interpreted the concept of 'general appearance' liberally." *Woods v. Billy's Auto.*, 174 N.C. App. 808, 813, 622 S.E.2d 193, 197 (2005). "[I]f the defendant by motion or otherwise invokes the adjudicatory powers of the court in any other matter not directly related to the questions of jurisdiction, he has made a general appearance and has submitted himself to the jurisdiction of the court whether he intended to or not." *Swenson v. Thibaut*, 39 N.C. App. 77, 89, 250 S.E.2d 279, 288 (1978). *See also Simms v. Mason's Stores, Inc.*, 285 N.C. 145, 151, 203 S.E.2d 769, 773 (1974) (holding that that if a party "invoked the judgment of the court for any [] purpose [other than contesting service of process,] he made a general appearance and by so doing he submitted himself to the jurisdiction of the court") (subsequently amended by statute in N.C. Gen. Stat § 1-75.7(1) to allow for extensions of time). "In short, an appearance for any purpose other than to question the jurisdiction of the court is general." *Billy's Auto.*, 174 N.C. App. at 813, 622 S.E.2d at 197 (internal marks and citation omitted). *See also In re Blalock,* 233 N.C. 493, 504, 64 S.E.2d 848, 856 (1951) ("[A] general appearance is one whereby the defendant submits his person to the jurisdiction of the court by invoking the judgment of the court in any manner

on any question other than that of the jurisdiction of the court over his person.").

¶ 17        In order to constitute a general appearance, "[t]he appearance must be for a purpose in the cause, not a collateral purpose." *Bullard v. Bader*, 117 N.C. App. 299, 301, 450 S.E.2d 757, 759 (1994) ("The court will examine whether the defendant asked for or received some relief in the cause, participated in some step taken therein, or somehow became an actor in the cause.") (citation omitted). In cases where this Court has found a general appearance, typically, the lower court's discretion was invoked by the moving party or the court's authority was assented to without objection. *See, e.g., Barnes v. Wells*, 165 N.C. App. 575, 579-580, 599 S.E.2d 585, 588-589 (2004) (collecting cases); *Bumgardner v. Bumgardner*, 113 N.C. App. 314, 319, 438 S.E.2d 471, 474 (1994) (holding that the defendant generally appeared by participating in a divorce hearing, represented by counsel, without objection); *Bullard*, 117 N.C. App. at 301-02, 450 S.E.2d at 759 (holding that the defendant made a general appearance by submitting financial documents and a letter in a child support case because "Defendant submitted these documents for a purpose in the cause, and by so doing sought affirmative relief from the court on the issues of child support and visitation"); *Humphrey v. Sinnott*, 84 N.C. App. 263, 265, 352 S.E.2d 443, 445 (1987) (holding that the defendant's motion to transfer venue before asserting jurisdictional defenses "necessarily invoked the adjudicatory and discretionary power of the court as to the relief which he requested[,]" thereby constituting a general

appearance). *But see Ryals v. Hall-Lane Moving & Storage Co.*, 122 N.C. App. 242, 248, 468 S.E.2d 600, 604 (1996) (holding where the defendants "promptly alerted plaintiff to the jurisdictional problems" in their answer and then "engaged in discovery[,]" "[l]aw nor equity permits such actions alone to be considered a general appearance" and the plaintiff "had ample opportunity to cure any jurisdictional defects and was not unfairly prejudiced by defendants' actions").

¶ 18        The parties do not point to any binding North Carolina precedent, nor have we found any, addressing whether removal to federal court is a general appearance. This is therefore an issue of first impression.

¶ 19        "Removal" is a federal process that allows a state civil action to be removed to a federal district court if it has original jurisdiction. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Therefore, removal of a state action to a federal court is necessarily a question of jurisdiction.

¶ 20        Importantly, under the federal statute, defendants can remove a case to federal court by their own election, if the case could have been filed in federal court to begin with, and therefore, state courts do not actually exercise any discretion or adjudicatory authority in determining whether a case is removed to federal court or

not. Once a defendant files a notice of removal with the state court, all further proceedings take place in federal court. *See* N.C. Gen. Stat. § 1A-1, R. 12(a)(2) (2021) ("Upon the filing in a district court of the United States of a petition for the removal of a civil action or proceeding from a court in this State and the filing of a copy of the petition in the State court, the State court shall proceed no further therein unless and until the case is remanded."). *See also* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

¶ 21    Because the right of removal is governed by federal statute, the federal court determines if original jurisdiction has been properly established by the defendant. *See Kerley v. Standard Oil Co.*, 224 N.C. 465, 466, 31 S.E.2d 438, 439 (1944) ("The Federal Courts have final authority in matters of removal[.]"). *See also Comm. of Road Improvement v. St. Louis Sw. Ry. Co.*, 257 U.S. 547, 557-58 (1922) ("The question of removal under the federal statute is one for the consideration of the federal court. It is not concluded by the view of a state court as to what is a suit within the statute."); *Carden v. Owle Constr., LLC*, 218 N.C. App. 179, 183, 720 S.E.2d 825, 828 (2012) ("Removal of an action from a state court to a federal court is governed by federal law. The determination of whether a case is removable is a

determination left to the federal court.").

¶ 22        Therefore, a North Carolina trial court does not exercise any adjudicatory or discretionary power when presented with a notice of removal. Consequently, filing such notice cannot constitute a "general appearance" by a defendant. Because we conclude that Defendant's filing of a notice removal was not a general appearance, we reject Plaintiff's argument that service of process defects were waived by Defendant.

¶ 23        Plaintiff next argues that, even if service of process was not waived by Defendant, he eventually cured the defect in service by serving Defendant's litigation counsel. We disagree.

¶ 24        As described above, Plaintiff did not serve Defendant properly after filing the original complaint on 18 December 2019. The Sheriff returned the summons to Plaintiff on 23 December 2019, noting that Defendant was not served. After the case was remanded to state court, Plaintiff had a third-party mail the summons[3] and complaint to Defendant's litigation counsel on 5 August 2020, nearly eight months after the complaint was filed. Thereafter, Plaintiff amended his complaint on 12 August 2020 and served the amended complaint upon Defendant's litigation counsel on or around 12 August 2020. Plaintiff does not cite any binding authority to support

---

[3] Nothing in the record indicates whether the original summons was ever reissued.

his argument that Defendant's litigation counsel was authorized to accept service on behalf of Defendant. Nonetheless, even assuming Defendant's litigation counsel was a proper party upon which to effectuate service on the corporation, Plaintiff's argument is fruitless. Plaintiff's second attempt to serve the original complaint to Defendant's counsel was well beyond the time allotted to serve process or seek an extension under Rule 4(d). Therefore, Plaintiff failed to serve Defendant and then subsequently failed to cure the defective service in a timely manner.

## C. Dismissal for Failure to State a Claim

Because we affirm the trial court's dismissal for lack of personal jurisdiction and improper service of process pursuant to Rules 12(b)(2) and (b)(5), conclusions of the trial court that were separate and independent bases for dismissing Plaintiff's claims, we need not address whether dismissal was also proper under Defendant's Rule 12(b)(6) argument.

## IV. Conclusion

Because Defendant was never properly served with service of process and did not generally appear before the trial court, the trial court properly concluded that it did not have personal jurisdiction over Defendant and was thereby required to dismiss the action. The trial court's order is therefore affirmed.

AFFIRMED.

Chief Judge STROUD and Judge HAMPSON concur.